## Case No. 5,985.

### HAMILTON v. KINGSBURY et al.

[17 Blatchf. 264; 4 Ban. & A. 615; 17 O. G. 147.] [1]

Circuit Court, N. D. New York. Nov. 7, 1879.

PATENT—RECORDED INSTRUMENTS—RIGHTS OF BONA FIDE PURCHASER—UNRECORDED INSTRUMENTS.

1. Three instruments relating to rights under letters patent, and none of them purporting to grant anything more than a license, were executed between the same parties contemporaneously and as parts of the same transaction. One of them was recorded in the patent office and the other two were not. A person having purchased the right covered by the recorded instrument, bona fide, and without notice of the unrecorded instruments: Held, that the recorded instrument was one not required by section 11 of the act of July 4, 1836 (5 Stat. 121), to be recorded.

[Cited in Brush Electric Co. v. California Electric Light Co., 3 C. C. A. 368, 52 Fed. 959; Jones v. Berger, 58 Fed. 1007.]

2. The unrecorded instruments were not required by that statute to be recorded.

3. The instruments were all of them valid as against such purchaser, without being recorded.

4. Such purchaser acquired no greater rights than were conveyed by all three of the instruments, construed together.

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge; reprinted in 4 Ban. & A. 615; and here republished by permission.]

[This was a bill in equity by Susan Hamilton against Gilbert J. Kingsbury and George T. Davis to restrain the infringement of certain letters patent for an improvement in saw mills. The cause was first before the court upon bill and plea, and the plea was allowed (Case No. 5,984); whereupon the plaintiff amended his bill by setting forth two unrecorded instruments. There was a plea to the amended bill, and a replication to the plea, and proofs were taken thereon. The cause is now submitted to the court on briefs without oral argument.]

A. C. Coxe, for plaintiff.

W. F. Cogswell and George B. Seldon, for defendants.

BLATCHFORD, Circuit Judge. This suit is brought on letters patent [No. 51,310], granted to Palmer Hamilton, December 5th, 1865, for "improvements in saw mills." The bill alleges infringement by the defendants by making, constructing, using and vending to others to be used, machines containing the patented invention. Palmer Hamilton, by an instrument in writing executed August 1st, 1866, conveyed to Milton A. Hamilton and to his legal representatives all the right, title and interest which he, the said Palmer Hamilton, had in the patented invention "as it was, or might be, applied to muley or single upright mill saws." This instrument was recorded in the patent office August 27th, 1866.

By an instrument in writing executed August 27th, 1866, and recorded in the patent office October 15th, 1866, and which recited the said conveyance from Palmer Hamilton to Milton A. Hamilton as being one of all the right, title and interest of Palmer Hamilton in and to the invention as it is or may be applied to muley or single upright mill saws, Milton A. Hamilton conveyed to Clinton A. Lombard and John Thompson, as copartners, under the name and style of Lombard & Thompson, "and to their legal representatives, the full and exclusive right to use and to sell to be used the said saw hangings" (the invention patented being stated in said conveyance to be known as "Hamilton's oscillating and reciprocating saw hangings"), "as they are or may be applied to muley or single upright mill saws, as secured by the said letters patent, for, to and in the state of New York, I excepting and reserving the right to manufacture the said invention for myself and legal representatives." On the same 27th of August, 1866, and at the same time, a written agreement was executed between Milton A. Hamilton of the first part and Lombard and Thompson, as copartners under the name of Lombard & Thompson, of the second part, which contained the following language: "The party of the first part, in consideration of the conditions hereinafter named, to be kept and performed by the party of the second part, hereby agrees to furnish as many sets of

'Hamilton's patent oscillating and reciprocating saw hangings' as they may use or sell to be used in the state of New York, as they are or may be applied to single or upright muley mill saws, as secured by letters patent from the United States, the said party of the second part having the right to use and sell the said patent saw hangings according to a deed of assignment bearing even date herewith, upon which this article is based, and to deliver the said machinery; * * * the said party of the second part agrees to pay to the party of the first part sums of money for the said machinery according to the following prices and rates; * * * and the said party of the second part further agrees that they will not manufacture the said machinery or its parts so long as they are supplied by the said party of the first part, as above specified, or by his legal representatives; and, further, it is understood and agreed that the said second party is not to sell the said machinery to be used in any other than the said state of New York.". This instrument was never recorded in the patent office. On the same 27th of August, 1866, and at the same time, Milton A. Hamilton executed and delivered to Lombard & Thompson an instrument in writing, which recited that they had purchased and paid him for certain rights in "Hamilton's patent oscillating and reciprocating saw hangings." and referred to the said patent, and then proceeded thus: "And whereas I, Milton A. Hamilton, have also given them, the said Lombard & Thompson, a certain contract, bearing even date herewith, for the supply of the said saw hangings, I reserving for myself and legal representatives the right to manufacture the said hangings, now this indenture witnesseth, that, in case I, or my legal representatives, are unable, from any circumstance or emergency, to furnish the said Lombard & Thompson saw hangings according to the above-mentioned contract, I, for myself and legal representatives, agree that the said Lombard & Thompson shall have the right to manufacture the said hangings for use in the state of New York. The purport of this article is to secure to them the said machinery against failure on my part to fulfil the conditions of the said contract, which, being fulfilled, this is to be null and void; otherwise, to be in effect." This instrument was never recorded in the patent office.

Lombard & Thompson, by an instrument in writing, executed April 29th, 1868, and recorded in the patent office August 7th, 1868, conveyed to Robert P. Russell, Montgomery Reese and the firm of Strong & Woodbury, in equal shares of one-third each, "all the right, title and interest which we have in the said invention, as secured to us by said letters patent, for, to and in the state of New York." Reese, by an instrument in writing executed July 18th, 1868, and recorded in the patent office August 7th, 1868, conveyed to Russell

and the firm of Strong & Woodbury, in equal shares of one-half each, "all the right, title and interest which I have in the said invention, as secured to me by said letters patent, for, to and in the state of New York." Strong and Woodbury, by an instrument in writing executed December 10th, 1869, conveyed to the defendants in this suit "all our right, title and interest therein, as secured by the letters patent and assignment before-mentioned, which consists of the right, title and interest of the said Robert P. Russell, Henry A. Strong and Edmund F. Woodbury to the right for the whole state of New York, except one-half interest held by Robert P. Russell, and the counties of Cayuga and Franklin, previously assigned to John Busby and Sidney A. Paddock, respectively."

The bill alleges, that Milton A. Hamilton, by an instrument dated March 20th, 1867, and duly recorded in the patent office, conveyed to Palmer Hamilton all his right, title and interest in and to the said patent and invention; and that the recorded conveyance from Milton A. Hamilton to Lombard and Thompson was not intended by the parties thereto to convey to Lombard and Thompson any right to manufacture said invention, and that the practical construction placed upon said instrument by the acts of said parties at the time of the execution thereof and subsequently was that the sole right to manufacture said invention remained in said Hamilton. It also sets forth the two unrecorded instruments of August 27th, 1866, and avers that ever since the three instruments were executed the said Milton A. Hamilton and his assignee have been at all times and now are ready and willing to furnish such saw hangings to said Lombard and Thompson and to their assigns, and did so furnish such saw hangings to said Lombard and Thompson, and that the defendants have not applied to the said Milton A. Hamilton or to his assigns to be furnished with such saw hangings, but have assumed to manufacture the same themselves; that Palmer Hamilton, by an instrument dated April 18th, 1873, and recorded in the patent office, assigned to the plaintiff all the right, title and interest of him, the said Palmer Hamilton, in and to said invention, and also all rights of action for infringements of said patent which had accrued to him, the said Palmer Hamilton; and that she is the sole owner of said invention.

The defendants have filed a plea to the whole bill. It sets up the conveyance of August 1st, 1866, from Palmer Hamilton to Milton A. Hamilton, the recorded conveyance of August 27th, 1866, from Milton A. Hamilton to Lombard and Thompson, the conveyance of April 29th, 1868, from Lombard and Thompson to Russell, Reese and Strong & Woodbury, the conveyance of July 15th, 1868, from Reese to Russell and Strong & Woodbury, and the conveyance of December 19th,

1866, from Strong and Woodbury to the defendants. It then avers, that the defendants "never made, contributed or used, or vended to others to be used, any machine or machines, containing the invention of said Palmer Hamilton, described in the letters patent in said bill of complaint mentioned, or any part of any such invention, prior to the time of the execution of the said assignment from Strong & Woodbury to them, as above-mentioned, excepting that, within a year prior to the time of said assignment, they manufactured for said Strong & Woodbury, and at their request, a small number of said machines, the exact number they cannot state, and that, since the time of the execution of the said assignment, these defendants have neither made, constructed or used, or vended to others to be used, any machine or machines containing the said invention, or any part thereof, excepting that they have made, constructed and vended to others to be used muley and single upright mill saws, containing said invention, or some part thereof, within the state of New York, and not elsewhere, and not in the counties of Cayuga and Franklin in the said state, as they lawfully might, in pursuance of the authority given them by virtue of the several assignments above-mentioned." The plea further alleges, that the instrument of March 20th, 1867, from Milton A. Hamilton to Palmer Hamilton, was not recorded in the patent office until after the time when the defendants made the purchase from Strong & Woodbury, and received from them the assignment above-mentioned; that the defendants never had any notice of such assignment from Milton A. Hamilton to Palmer Hamilton, until after the commencement of this suit; that the defendants made the purchase from Strong & Woodbury, and received from them the assignment above-mentioned, and paid them therefor, in good faith, the consideration of one thousand dollars therein expressed, without any knowledge or notice that any such assignment as that from Milton A. Hamilton, above-mentioned, then or ever existed, and in the full belief that the said assignment from Strong & Woodbury gave to the defendants a perfect title to such interest in said patent as it purported to convey. The plea further alleges, that the defendants have no knowledge or information as to what was intended by the parties to the assignment from Milton A. Hamilton to Lombard & Thompson, save such as is derived from the language of said assignment, and no knowledge or information of the practical construction put upon said assignment by the acts of the parties, at or subsequent to the time of the execution thereof, save such as is derived from the bill, and no knowledge or information, save such as is derived from the bill, that Milton A. Hamilton ever entered into two or any contracts, as mentioned in the bill, or any other contract of any kind, except the assignment to Lombard & Thompson, and that they never heard of said two contracts, or had any notice thereof, until they learned of the mention thereof in the bill.

The plaintiff put in a replication to the plea, and proofs have been taken and the case has been heard thereon. The bill above-mentioned is an amended bill. The suit was before the court on the original bill and a plea thereto, at the June term, 1878. Hamilton v. Kingsbury [Case No. 5,984].

The pleadings then brought before the court all the instruments now before it, except the two unrecorded instruments of August 27th, 1866. The question then presented for consideration was solely as to the construction of the recorded conveyance of August 27th, 1866, from Milton A. Hamilton to Lombard & Thompson. The court held, that, under and by that conveyance, Lombard & Thompson acquired the right to make, as well as the right to use and to sell to be used, "the said saw hangings, as they are or may be applied to muley or single upright mill saws, as secured by the said letters patent, for, to and in the state of New York," such right to use and to sell to be used being exclusive, but the grantor reserving to himself a right to make in common with the grantees. The plea was allowed.

On the present pleadings and the proofs thereunder it is contended for the plaintiff that, under the three instruments of August 27th, 1866, taken together, Lombard & Thompson acquired no right to make the invention, except in a certain contingency, which has never happened; that the three instruments are contemporaneous and are all portions of the same transaction, and must all be read together to determine the intent of the parties to the transaction; that those three instruments are consistent with no intention other than the one set up in the bill; that, if the recorded conveyance of August 27th, 1866, gives to Lombard & Thompson the right to manufacture, the other two instruments have no meaning; and that the instruments are (1) a license, which, in terms, gives the licensees no power to manufacture; (2) an agreement, by which the licensor agrees to furnish the hangings to the licensees at fixed prices, and the licensees agree that they will not manufacture so long as the licensor keeps his agreement; (3) a permission from the licensor to the licensees to manufacture, in case the licensor fails to perform his agreement.

It seems plain that the three instruments, taken together, must have the interpretation claimed for them by the plaintiff. But, the defendants contend that they are bona fide purchasers, without notice of any instrument but the recorded conveyance of August 27th, 1866, and that they are protected from any unrecorded agreement between Milton A. Hamilton and Lombard & Thompson, in the absence of any actual notice thereof.

The recording act in force when the defendants took their conveyance from Strong & Woodbury, on the 10th of December, 1869, was section 11 of the act of July 4, 1836 (5 Stat. 121), which provided, "that every patent shall be assignable in law, either as to the whole interest, or any undivided part thereof, by any instrument in writing, which assignment, and also every grant and conveyance of the exclusive right under any patent, to make and use, and to grant to others to make and use, the thing patented, within and throughout any specified part or portion of the United States, shall be recorded in the patent office within three months from the execution thereof." It is well settled, that mere licenses, or contracts conferring the limited and not the exclusive right to exercise some of the privileges secured by the patent, are not the subjects of regulation by this statute, and that it relates solely to grants or conveyances of the exclusive right, or legal estate, vested in the patentee, which leave no interest in the patentee for the particular territory and the particular right to which they relate. Curt. Pat. (3d Ed.) § 179. Within this rule, the recorded conveyance of August 27th, 1866, from Milton A. Hamilton to Lombard & Thompson, is not an assignment of the whole interest in the patent, or of any undivided part thereof, nor is it a grant or conveyance of the exclusive right under the patent, to make and use, and to grant to others to make and use, the thing patented, within and throughout any specified part or portion of the United States. It is only a license. It reserves to the grantor "the right to manufacture the said invention." Whatever right to manufacture the grantees acquired by the face of it, such right was not exclusive in them. Therefore, such instrument was not one required to be recorded. Nor were the other two instruments of August 27th, 1866, instruments which it was necessary to record. The recording of the instrument of August 27th, 1866, which was recorded, was not notice to the defendants that they could safely rely on the record, as showing the whole transaction between the parties to the instrument in respect to its subject-matter. The three instruments were all of them valid, without recording, as against the defendants, although bona fide purchasers without actual notice. Although the recorded instrument of August 27th, 1866, may, on its face, convey the right to make to the grantees, seeing it on the record is of no more avail to the defendants than if they had seen it out of the record. The existence of the three instruments, taken together, as limiting the right of Lombard & Thompson, affects the defendants with the consequences of such limitation, for they can have no greater right than Lombard & Thompson had.

The plea is overruled, with costs to the plaintiff to be taxed, with leave to the defendants to answer, on payment of such costs, within 30 days after service of a copy of the order to be entered on this decision.

[A petition for rehearing was denied. 4 Fed. 428. For other cases involving this patent, see note to Hamilton v. Ives, Case No. 5,982.]