## Case No. 10,738.

### PARKER v. HAWORTH.

[4 McLean, 370;[1] 2 Robb. Pat. Cas. 725.]

Circuit Court, D. Illinois. June Term, 1848.

PATENTS—ASSIGNMENT — AVERMENTS TO SUPPORT ACTION FOR INFRINGEMENT—SIMILARITY IN PRINCIPLE—COMBINATION.

1. A patent may be assigned in part, or the whole of it.

2. An averment in the declaration that the defendant has made the thing "in imitation of the patent" is sufficient to sustain the action.

3. The machinery complained of, if the same in principle as the plaintiff's, is an infringement.
[Cited in Sewall v. Jones, 91 U. S. 184.]

4. Parker's patent is for improvements on known machinery and a combination of mechanical powers. There can be no infringement of the combination, which does not embrace all the parts.

5. But it is an infringement to adopt any improvement of the plaintiff's of any of the parts of the combination.
[Cited in Winans v. Denmead, 15 How. (56 U. S.) 342; Buchanan v. Goodwin, 57 Fed. 1040.]

6. An inventor, under his patent, claims no monopoly.

[7. Cited in Goodyear v. Blake, Case No. 5,560; National Folding Box & Paper Co. v. American Paper Pail & Box Co., 55 Fed. 490; Paine v. Trask, 5 C. C. A. 497, 56 Fed. 233. Criticised in New York v. American Cable Ry. Co., 60 Fed. 1017, on the point that copies of assignments of a patent, duly certified, are prima facie evidence of the genuineness of the originals on file.]

[This was an action by Zebulon Parker against James F. Haworth for the violation of letters patent granted to plaintiff October 19, 1829.]

Mr. Logan, for plaintiff.
Mr. Weed, for defendant.

OPINION OF THE COURT. This action is brought, charging the defendant with a viola-

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

tion of the plaintiff's patent for a percussion and reaction water wheel. The defendant pleaded not guilty. The jury being sworn, the plaintiff offered an exemplification of his patent, containing certain assignments, in evidence, which was objected to by defendant, on two grounds: (1) That there is no proof of the original assignment to McElvey; and (2) that there is no proof that McElvey was administrator, as he assumed to be.

The assignment of a patent in whole or in part, is authorized by act of congress, and it is required to be recorded in the patent office. The assignments in this case have been recorded, and the paper now offered contains a copy of them, duly authenticated; and the law of congress makes such copies evidence, as well as a copy of the patent. Such copies, therefore, must be received, as prima facie evidence at least, of the genuineness of the originals on file; and absolute evidence of the correctness of the copies from the record.

Several witnesses were examined to show the value of the improvement claimed by the plaintiff. One of the witnesses, Mr. West, says he has built forty or fifty of Parker's percussion water wheels; and the question being asked him whether there were not other wheels similar to those of Parker's it was objected to, there having been no notice given, as the statute requires, and the court sustained the objection. The witness says, the product of Parker's improvement is nearly three times as great as the other wheels in use. A question being asked of a witness whether the defendant throws the water upon the wheel through a spiral trunk, was objected to because the declaration contained no such averment. But the court permitted the question to be asked, as in the declaration the trunk was averred to be made in imitation of the plaintiff's patent.

Several witnesses were examined, who thought the improvement of no great value, and, in some respects, they considered it less valuable than the flutter wheel, generally in use: and some of them who are millwrights, do not think the defendant's wheel is an infringement upon that of the plaintiff's.

The case having been argued to the jury, the court observed to them, this action is brought to recover damages for a violation of the plaintiff's right. The policy of the law, which protects the right of the inventor, is wise. It stimulates genius, by endeavoring to secure a reasonable compensation to those who have spent their time and money in producing something of utility to the public. It is not a monopoly the inventor receives. Instead of taking anything from the public, he confers on it the greatest benefits; and all he asks, and all he receives, is that for a few years he shall realize some advantage from his own creation; not that he withholds his machine or discovery from the country, but that in distributing it he may receive a small compensation for the great benefit he confers.

The triumphs of the inventor are intellectual triumphs. His demonstrations are made through mechanical agencies, but these, in the highest degree, are attributable to mind; and the same may be said of our inventive mechanics generally. The range of their thought embraces the system of natural philosophy, in all its practical bearings; and in carrying out their views, the highest degree of mechanical ingenuity. Through the labors of these men our country has been advanced by machinery, on the land and on the water, in the saving of labor, and in a rapid and increased intercourse, and especially in the communication of intelligence, in the last forty years, more than could have been hoped for, without their instrumentality, in many centuries. And yet, how few of them are considered public benefactors. Their inventions are pirated, and they often reduced to indigence by the vindication of their rights.

The plaintiff in this case is not entitled to recover damages unless he shows that the defendant has violated the patent by using the machinery invented or improved by the plaintiff. There seems to be nothing in the evidence which can create a doubt, in regard to the invention claimed by the patent. And your inquiry will be chiefly directed to the infringement charged in the declaration. To this the plaintiff is limited. If the defendant has arranged his machinery on the same principle as claimed by the plaintiff, he is guilty of infringement. You will understand that it is not essential that the wheel of the defendant, in its form, should be exactly similar to that of the plaintiff; but it must work on the same principle. The force of the water must be thrown upon it in substantially the same manner. If you shall find for the plaintiff, you will assess such damages, as in your judgments shall be just. There are no circumstances in the case which call for exemplary damages. The defendant may not have been aware of the plaintiff's right, at the time he procured his machinery to be constructed.

Verdict for the plaintiff.

A motion was made in arrest of judgment, on the ground, that the declaration does not set forth the act complained of as contrary to the statute. This is necessary when an action is brought on a penal statute, but not in a case like the present, where damages are sought for on an injury done. Where the plaintiff sues for a penalty, as the statute is the only foundation of the action, the declaration must aver that the act is contra forman statuti. In Tryon v. White [Case No. 14,208], it is said: "If the declaration in an action for the invasion of a patent right, fails to lay the act complained contra forman statuti, the defect will be purged after the verdict."

Another ground in arrest is stated, that the declaration should allege an infringement of the combination claimed in the patent. It is

a well established principle that where the invention consists of a combination of known mechanical powers, the use of a part less than the whole combination, would be no infringement. Each one of the different powers combined constitutes a part of the whole, but the invention is not in any of the parts, but in the combination of them. The parts of which the combination consists, remain unrestrained from general use, as before the invention. But the plaintiff's invention consists, not only in the combination, but in the improvement of several of the parts of which that combination is composed. And the violation of one of them is an infringement for which an action will lie. The motion in arrest is overruled and judgment.

[For other cases involving this patent, see note to Parker v. Hatfield, Case No. 10,736.]