HAYES *v.* LETON.

(*Circuit Court, E. D. New York.* January 22, 1881.)

1. SUIT ON PATENT—ABANDONMENT OF DEFENCE—EFFECT OF DECREE.

A decree in favor of the plaintiff, in a suit founded on a patent, which was reached because the defendants abandoned the defence of the suit and allowed the decree to be entered without objection and without a hearing before the court, is not sufficient ground upon which to grant a preliminary injunction in a subsequent suit in another district and against other parties, founded on the same patent. A decree obtained under such circumstances can have no greater effect than to show an acquiescence in the plaintiff's claim of right by the parties to the former suit.

In Equity.

*J. H. Whitelegge*, for plaintiff.

*G. G. Frelinghuysen*, for defendant.

BENEDICT, D. J. This cause comes before the court upon a motion for a preliminary injunction to restrain the defendant, during the pendency of this suit, from making a certain form of skylight, which the plaintiff insists the defendant is now making, and which the plaintiff claims to be an infringement upon certain patents owned by the plaintiff and forming the basis of this suit. The ground upon which the application rests is that the acts of infringement are not denied in the answer, and that the validity of the plaintiff's patents has been upheld by a final decree rendered by the circuit court of the United States for the southern district of New York, in an action there brought by this same plaintiff upon these same patents against August Erickson and John H. Gibson.

The defendant insists that the acts of infringement are denied by the answer, and that the decree upon which the plaintiff relies was the result of collusion or agreement between the parties, and does not justify an assumption, upon a motion like the present, that the patents sued on are valid. Passing the question as to the construction to be put upon the answer, it is sufficient for this occasion to say that the circumstances under which the decree of the circuit court for

the southern district of New York was made were such as to deprive that decree of any greater effect than as evidence of an acquiescence in the plaintiff's claim under these patents by the particular persons there sued. For that decree was in substance a decree by default. In point of fact, no opposition was made to its entry; no contest was had before the court; and it is plain to see that the decree was because of an understanding between the parties that contest should cease, and not because the court had examined the plaintiff's patents and found them to be valid.

Treating the decree relied on by the plaintiff as no more than evidence that the defendants in that suit acquiesced in the plaintiff's claim under these patents, it is manifest that sufficient ground upon which to grant a preliminary injunction has not been made to appear. The motion is therefore denied.