DEDERICK *v.* WHITMAN AGRICULTURAL CO.[1]

*(Circuit Court, E. D. Missouri.* March 15, 1886.)

1. PATENTS FOR INVENTIONS—PROOF OF ASSIGNMENT OF PATENT—CERTIFIED COPY.
   A certified copy of a recorded but unacknowledged instrument purporting to be the assignment of a patent is admissible in evidence to prove the execution of such assignment, and is sufficient proof thereof in the absence of countervailing testimony.
2. SAME—BALING-PRESS—COMBINATION.
   The first claim of letters patent No. 126,394 is for the combination therein named involving as essential thereto the peculiar construction of the press-box, and is not infringed by a combination into which such press-box does not enter.
3. SAME.
   First claim of letters patent No. 199,052 is valid.
4. SAME—COMBINATION PATENT—EQUIVALENTS.
   A substitution of an equivalent for an ingredient of a combination covered by a patent cannot avert a charge of infringement.

In Equity. Suit for infringement of the first claim of letters patent No. 126,394 for an improvement in baling-presses, and the first claim of letters patent No. 199,052 for an improvement in portable hay and cotton presses.

The complainant sues as assignee. The only evidence offered of the execution of an assignment to him is a certified copy of an unacknowledged instrument on record in the patent office, which purports to be a duly executed assignment. The admission of the copy was objected to by the defendant. The first claim of letters patent No. 126,394 is as follows:

"(1) The combination of the lever or sweep, H, with the lever, G, follower, F, and box, A, of a baling-press, when constructed to operate, substantially as herein described."

The first claim of letters patent No. 199,052 is as follows:

"(1) In a portable press the combination of a horizontal guide-frame with a reciprocating follower pitman, and pivoted double cam at the end of tongue or sweep-lever of press, substantially as and for the purpose set forth."

*L. Hill* and *Fisher & Rowell,* for complainant.
*William H. King* and *Dyer, Lee & Ellis,* for defendant.

TREAT, J. This suit is brought upon the first claims respectively of letters patent No. 126,394 and letters patent No. 199,052, for alleged infringements thereof by the defendant. Objection has been

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

interposed by the defendant as to the proofs of assignments of said patents to the complainant. The court holds that the proofs of said assignments respectively are complete in the absence of countervailing testimony.

As to the first claim of patent No. 126,394, the court decides that the same is for the combination therein named, involving as essential thereto the peculiar construction of the press-box. There is nothing in said combination justifying the contention of counsel that it covers every use of a toggle-joint which passes the center line. It must be observed that the claim is for a combination of certain elements of which the press-box of a peculiar construction was a prominent feature. An examination of the patent does not show with any distinctness that any new or old device for such a toggle-joint passing the center line entered into the combination as a distinctive element or any part thereof.

So far as the first claim of patent No. 199,052 is involved the essential inquiry pertains to the use of the double cam in the combination stated, whereby the result sought could be more usefully and effectively produced. That combination was of several elements, possibly all of them were old, but by their juxtaposition and arrangement effecting a new and useful result. The double cam was an important feature in said combination, and defendant's substitute therefor of an equivalent mechanical device does not exempt it from the penalties of infringement. When a combination is patented, whereby an important result is produced, the mere introduction of an equivalent mechanical device by way of substitution for one of the elements of the combination cannot avoid the effect of said patent, or enable the person who resorts to said mechanical equivalent to escape the penalties of infringement.

Hence, as to said first claim of patent No. 126,394 there is no infringement by the defendant. As to the first claim of patent No. 199,052 it is held to be valid, and that the defendant infringes the same.

Under these rulings this cause is referred to the master to ascertain the damages sustained by the complainant, for the infringement of said first claim of patent No. 199,052.