PAINE v. TRASK.[1]

(Circuit Court of Appeals, First Circuit. April 11, 1893.)

No. 41.

APPEAL—OBJECTIONS NOT RAISED BELOW—EVIDENCE.

In a suit for the infringement of a patent, when the defense is that complainant had parted with all his interest therein by assignment before filing his bill, and a copy of the record of such assignment in the patent office is introduced in support thereof, while, perhaps, such copy, if standing alone and seasonably and properly objected to. would be inadmissible, yet the objection that no foundation was laid for the introduction of secondary evidence will not be considered on appeal when it was not raised below.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

Suit by George C. Paine against Henry D. Trask for infringement of a patent. The bill was dismissed, (56 Fed. Rep. 231,) and complainant appeals. Affirmed.

Charles H. Drew, for appellant.
John L. S. Roberts, for appellee.

Before PUTNAM, Circuit Judge, and NELSON and WEBB, District Judges.

PUTNAM, Circuit Judge. This is a bill in equity, brought by the appellant to protect a patent for an alleged improved automatic regulator for hot-air furnaces. With other defenses is that of an alleged assignment from the complainant to the American Automatic Furnace Regulator Company, said to bear date and to have been recorded in the patent office before this bill was filed. The bill alleges that the complainant was sole owner of the patent from the time of its issue to the time of the filing of the bill. The answer does not specifically meet this allegation; but it closes with a general denial. If this is not sufficient to meet the requirements of complainant, the only remedy, according to the practice of the federal courts, is by exceptions under the sixty-first equity rule; and so the lack of a sufficient denial of any allegation in the bill did not relieve the complainant from proving the truth of it. Moreover, in this case the parties have fully gone into the matter of title, and waived any possible question of pleading.

The defendant, now the appellee, did not put in evidence the original alleged assignment, nor sufficiently account for his omission to do so. In lieu thereof he put in a duly-certified copy of the patent-office record of the alleged assignment, and this without objection from the complainant, and without any motion to strike it out. At the hearing in this court the appellee claimed that this certified copy has probative force of itself, and makes out a prima facie case of an assignment. He cited, as sustaining this proposition, Lee v. Blandy, 1 Bond, 361, also found in 2 Fish. Pat. Cas. 89. He might also have cited Brooks v. Jenkins, 3 McLean, 432; Parker v. Haworth, 4 McLean, 370; Dederick v. Agricultural Co., 26 Fed.

[1] Rehearing pending.

Rep. 763; and Rob. Pat. § 1040. Walker on Patents, (2d Ed., § 495;) referring to these decisions, says that they have been generally acquiesced in for more than 20 years, and that few rules of patent law have been more frequently made the basis of action by counsel and by courts than the one which they apparently sustain. The author, however, adds: "But it hardly seems justified by the statute upon which it is based, and may even yet be overthrown by the supreme court."

It will be seen that this rule originated with Judge McLean; and it will also be found that, in the two earlier cases decided by him, he referred to the fact that the statute of 1836, (chapter 357,) the then existing patent code, directed (section 11) that every assignment should be recorded. The terms of the existing statute make no requirement, but leave it to the assignee to record the assignment or not, for protection of his interests, at his option.

Campbell v. Gaslight Co., 119 U. S. 445, 7 Sup. Ct. Rep. 278, recognizes the ordinary rules of evidence of the common law in connection with an analogous statute relating to the records of the general land office. The case turned on section 891 of the Revised Statutes, which provides that authenticated copies of records of the general land office shall be "evidence equally with the originals thereof," being by its letter much more favorable to the position of the appellee than anything in any statute touching copies from the patent-office records; yet the supreme court held that the words "evidence equally" were not intended to mean that in all cases a copy should have the same probative force as the original instrument, but that "it should be regarded as of the same class in the grades of evidence as to written and parol and primary and secondary."

Rev. St. § 892, which provides for certified copies from the patent office, relates only to records, books, papers, or drawings "belonging to" that office, and letters patent. If the law required the original assignments to remain on file, and that certified copies should be given of them, a different principle would be involved; but the only thing in this case "belonging to" the patent office is the record, which is itself only secondary evidence. No provision is made for authentication of the genuineness of the instrument to be recorded, as frequent in laws providing for registry, but a forged assignment may be recorded equally with a genuine one. Neither is there any method given by the law, by which any person prejudiced by the registry in the patent office of a spurious instrument, can purge the records. Neither does this registry have the moral protection presumably given to local county and township records through local publicity and notoriety. The proposition, as made by the appellee, is independent of the support which sometimes comes from the fact that one party or the other to an alleged instrument has continued openly to act under it, or from the credibility given to ancient papers and records; but it stands as a universal, unqualified claim with reference to all copies of alleged assignments certified from the patent-office records.

It is not, however, necessary that we should determine this point,

and we refer to it only for the purpose of making it understood that we cannot acquiesce in it without further consideration. The copy was introduced by the defendant into the record, and read by him in the court below without objection, and was connected by him with parol evidence which satisfies this court sufficiently that, on the whole case, he has proven that the complainant made the assignment in question to a veritable person, or corporation, before this suit was commenced. The appellant objects in this court to this copy, because he says proper foundation was not laid for the introduction of secondary evidence, and also for want of proof by the apparent attesting witnesses. The latter objection would not be operative in any court, as an attesting witness is not required for proof of copies. The first objection would have merited attention, if seasonably taken. The rules governing this class of evidence in equity and the practice concerning it, except where there is an order permitting proof of exhibits at the hearing, is well shown in Wood v. Strickland, 2 Mer. 461; but these objections were not urged in the court below, and by well-settled principles of practice applicable to appellate courts they cannot be raised here in the first instance. Wasatch Min. Co. v. Crescent Min. Co., 148 U. S. 293, 13 Sup. Ct. Rep. 600; Rules of the Supreme Court No. 13, 3 Sup. Ct. Rep. x.

As this alleged assignment involves only a pure question of fact, which is not of general interest, and not likely to present itself in any other case, and as many of the elements of the proofs on this point are given in the opinion of the learned judge who heard the cause in the circuit court, it is enough for us to state our conclusion.

It appears that at the time the assignment was made the complainant did not have a title, but he acquired it before the filing of the bill in this case. The appellee claims that this operated to support the assignment, and to give it the same effect as though the complainant had had a title when it was made; and this position was not contested by the latter. Therefore we have not found it necessary to consider whether the circumstances of the case are such as to justify the application of the rule invoked in this respect. See U. S. v. California & O. Land Co., 148 U. S. 31, 13 Sup. Ct. Rep. 458.

The case contains a suggestion that complainant retained some equitable or joint interest, notwithstanding his assignment was absolute on its face; but we have in the record no proper proofs nor sufficient parties to enable us to take cognizance thereof.

Decree of the circuit court affirmed.