NATIONAL FOLDING BOX & PAPER CO. v. AMERICAN PAPER PAIL & BOX CO. et al.

(Circuit Court, S. D. New York. May 3, 1893.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—PAPER BOXES.
    The second claim of letters patent No. 171,866, issued January 4, 1876, to Reuben Ritter, for an improvement in paper boxes, describes a box consisting of a single sheet of paper, and retaining its shape by the interlocking of flaps projecting from the sides into slots at the ends. The slots are perpendicular to the bottom of the box, and made longer than the width of the flaps, so that, when adjusted, the straight edge of the flap engages with the straight edge of the slot, and does not merely hook into the corner of it. In defendant's box, while the projections of the flaps are substantially the same as those of the patent, the slots are at an angle with the vertical corner of the box, instead of parallel with it, but the straight edge of the projection is also altered, so that its locking edge and

the locking edge of the slot are parallel with each other. A transverse slot is added at the upper extremity of the locking slot, but the projection and the slot engage straight edge to straight edge. *Held*, that there is an infringement, notwithstanding the apparent differences. 51 Fed. Rep. 229, 2 C. C. A. 165, followed.

**2.** SAME—ASSIGNMENT BY CORPORATION—VALIDITY.

An assignment of a patent, signed with the name of a certain corporation "by O. M. Hamilton, Treasurer," sealed with the corporate seal, and duly recorded in the patent office, is prima facie valid, and does not leave on one claiming thereunder the burden of showing that the act of the treasurer was authorized by the directors.

In Equity. Suit by the National Folding Box & Paper Company against the American Paper Pail & Box Company and Isador Tahl for infringement of a patent. A preliminary injunction was granted, (48 Fed. Rep. 913,) and the order allowing the same was affirmed by the circuit court of appeals. 51 Fed. Rep. 230, 2 C. C. A. 165. The cause is now on final hearing. Decree for complainant.

Walter D. Edmonds, for complainant.
Michael H. Cardozo and R. Bach McMaster, for defendants.

COXE, District Judge. This is an equity action for infringement, founded upon the second claim of letters patent No. 171,866, granted to Reuben Ritter, January 4, 1876, for an improvement in paper boxes. The patent expired pendente lite. The defenses are lack of novelty and invention, noninfringement, and defective title. The patent has been before the courts several times, and every question relating to the merits has been adjudicated by this court. Box Co. v. Nugent, 41 Fed. Rep. 139; American Paper Pail & Box Co. v. National Folding Box & Paper Co., (the case at bar on preliminary injunction,) 48 Fed. Rep. 913, affirmed, 51 Fed. Rep. 229, 2 C. C. A. 165. The court is unable to find anything in the record to break the controlling force of these decisions. The records are substantially the same; no new testimony of importance has been introduced and no new defenses have been interposed. The effort to prove that the original suit was collusive has signally failed. The fact that the defendants in that suit, after being defeated, settled their controversy with the then owner of the patent, falls very far short of establishing the proposition that they were in cahoot with the complainant to have the patent sustained. That the defense was genuine is clearly established by the fact that the defendants in this cause have not been able to improve upon it. They rely upon the same proofs that were advanced in the Nugent Case.

All of the questions now presented, except the question of title, are res judicata in this court. The question regarding the title is as follows: One of the links in the chain of title is an assignment by the Chicopee Company to Theodore Pinkham, assignee. This assignment is signed "Chicopee Folding Box Company. by O. M. Hamilton, Treasurer," and has the seal of the corporation attached. It was duly recorded. The objection taken by the defendants is "that there is no proof that said Hamilton, who executes said purported assignment, was at said time the treasurer of said

company, or that he had power or authority to execute said assignment." It is argued that it was incumbent upon the complainant in the first instance to prove that Hamilton was the treasurer of the company and that his act in signing the name of the corporation was duly authorized by its board of directors. It is unnecessary to refer to the evidence tending to show that the act of the treasurer was duly authorized and that it was made pursuant to the insolvency laws of the commonwealth of Massachusetts, for the reason that it is thought that the assignment itself was prima facie sufficient. A contrary ruling would put the owners of patents to a vast amount of needless annoyance and expense. When a certified copy of an assignment which has been duly recorded in the patent office and which is sufficient on its face to pass the title, is introduced in evidence, enough has been done to put the defendant to his proof. The authority must be presumed till the contrary appears. Bank v. Dandridge, 12 Wheat. 64; Academy v. McKechnie, 90 N. Y. 618, 629; Jackson v. Campbell, 5 Wend. 572, 575; Dederick v. Agricultural Co., 26 Fed. Rep. 763; Parker v. Haworth, 4 McLean, 370; Ang. & A. Corp. § 224.

The complainant is entitled to a decree for an accounting.