MAYOR, ETC., OF CITY OF NEW YORK et al. v. AMERICAN CABLE
RY. CO.

(Circuit Court of Appeals, Second Circuit.    April 18, 1894.)

ASSIGNMENT OF PATENTS—PATENT-OFFICE RECORDS.
    Certified copies of the patent-office record of instruments purporting to
    be assignments are not prima facie proof of the execution or genuineness of
    the instruments.  Dederick v. Agricultural Co., 26 Fed. 763, and National
    Folding Box & Paper Co. v. American Paper Pail & Box Co., 55 Fed. 488,
    disapproved.

Appeal from the Circuit Court of the United States for the South-
ern District of New York.

This was a suit by the American Cable Railway Company against
the mayor, aldermen, and commonalty of the city of New York, for
infringement of letters patent No. 271,727, issued February 6, 1883,
to Daniel J. Miller, for improvements in the construction of cable
railways.    There was a decree for complainant in the court below
(56 Fed. 149), and defendants appeal.

Francis Forbes and William N. Dykman (on the brief), for ap-
pellants.

Chas. Howard Williams, Daniel H. Driscoll, and Edward W.
Cady (on the brief), for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge.    The complainant's title to the letters
patent in suit depends upon the authenticity of the mesne assign-
ments under which it claims.    No evidence was introduced tending
to prove the execution of the assignments from the patentee to
Horton, from Horton to the Cable Railway Construction Company,
and from the Cable Railway Construction Company to the complain-
ant, except duly-certified copies of the patent-office record of three
instruments which purport to be such assignments.    The objection
that the instruments were not sufficiently proved was taken in due
season, and was insisted upon at the hearing in the circuit court.
We are of opinion that the objection was valid, and consequently
that the complainant was not entitled to a decree.

The assignment of a patent is not a public document, but is merely
a private writing    There is no statutory provision requiring it to be
recorded in the patent office.    Section 4898 of the Revised Statutes
permits this to be done for the protection of the assignee against
a subsequent bona fide purchaser or mortgagee.    The section does
not make the recorded instrument evidence, does not require the as-
signment to be executed in the presence of any public officer, or to be
acknowledged or authenticated in any way before recording, and
does not provide or contemplate that it shall remain subsequently
in the custody of the office.    It devolves upon the patent office
merely the clerical duty of recording any instrument which purports
to be the assignment of a patent.    We are aware of no principle
which gives to such a record the effect of primary evidence, or of

prima facie proof of the execution or the genuineness of the original document. To give it such effect would enable parties to manufacture evidence for themselves.

Section 892 of the Revised Statutes does not touch the point. That section provides that written or printed copies of any records, books, papers, or drawings belonging to the patent office shall be evidence in all cases wherein the originals could be evidence. The original assignment does not belong to the patent office. The section makes a copy evidence of the same class as the original record, but has no application when the original record is not competent. The early cases of Brooks v. Jenkins, 3 McLean, 432, Fed. Cas. No. 1,953, and Parker v. Haworth, 4 McLean, 370, Fed. Cas. No. 10,738, in which it was held that a certified copy of the patent-office record of an assignment of a patent is prima facie evidence of the genuineness of the instrument, were decided at first instance, and apparently without much consideration. The rule of these cases has been accepted without discussion in the later cases of Lee v. Blandy, 1 Bond, 361, Fed. Cas. No. 8,182; Dederick v. Agricultural Co., 26 Fed. 763; National Folding Box & Paper Co. v. American Paper Pail & Box Co., 55 Fed. 488. It is not improbable that these decisions were influenced by the technical nature of the objection in the particular cases. But the rule opens the door to fraud, as any stranger can put an assignment upon record; and it imposes upon a defendant who honestly doubts whether a party who claims title to a patent is the owner the burden which ought to rest upon his adversary. Our conclusions are supported by the opinion of the circuit court of appeals in Paine v. Trask. 5 C. C. A. 497, 56 Fed. 233, where the question was considered with care, although its decision was unnecessary to the judgment.

We have not considered the point argued by the appellants that the bill should have been dismissed because no proof was given of the complainant's incorporation. The assignment of errors does not present the question. Although, upon the proofs in the circuit court, the complainant was not entitled to a decree, it would have been a proper exercise of discretion on the part of the court, in view of the reliance which the complainant had doubtless placed upon the adjudications which have been referred to, to permit the complainant to reopen the proofs, and the cause to be reheard. In reversing the decree and directing the dismissal of the complainant's bill, we do so without prejudice to the granting by the circuit court of such an application, if seasonably made by the complainant.

The decree is reversed, with instructions to the circuit court to proceed in conformity with this opinion.