AMERICAN CABLE RY. CO. v. MAYOR, ETC., OF CITY OF NEW YORK
et al.

(Circuit Court, S. D. New York. May 21, 1895.)

1. PLEADINGS AND PROOF—DEPARTURE—ASSIGNMENT OF PATENT.
   Proof of a direct assignment of a patent from the patentee to complainant does not constitute a departure, although the bill alleges an assignment from the patentee through two intermediate parties to the complainant.

2. PATENTS—CABLE RAILWAY.
   The Miller patent, No. 271,727, for an improvement in cable railways, for raising the cable to the grip. *held* not anticipated.

3. CORPORATIONS—CORPORATE EXISTENCE—SUIT FOR INFRINGEMENT OF PATENT.
   Where a corporation has been organized, and has taken title to a patent (which action is apparently within the scope of its powers), and no proceedings have been taken to terminate its existence, it may maintain a suit for infringement of the patent notwithstanding that defendant questions its corporate existence on the ground of failure to seasonably commence the corporate business.

This was a suit by the American Cable Railway Company against the mayor, aldermen, and commonalty of the city of New York and the city of Brooklyn for alleged infringement of a patent relating to an improvement in cable railways.

Chas. Howard Williams and Daniel H. Driscoll, for plaintiff.
Francis Forbes and William H. Dykman, for defendants.

WHEELER, District Judge.    This suit was brought for infringement on the New York and Brooklyn bridge of patent No. 271,727, dated February 6, 1883, and granted to Daniel J. Miller for an improvement in cable railways for raising the cable to the grip, alleged to have been assigned May 14, 1883, by Miller to Otis S. Horton; by him, July 10, 1883, to the Cable Construction Company; and by that company, February 25, 1888, to the orator,—by instruments in writing recorded in the patent office.    Certified copies from the patent office were put in evidence for proof of the assignments.    On hearing before Judge Coxe, this proof of title was held to be sufficient, the patent was sustained, infringement was found, and a decree was entered for the plaintiff.    56 Fed. 149.    On appeal, the circuit court of appeals held the proof of title to have been insufficient, and the decree was reversed, without prejudice to reopening the proofs.    9 C. C. A. 336, 60 Fed. 1016.    The proofs have been reopened, and testimony introduced by the plaintiff tending to prove the absence beyond knowledge of the subscribing witnesses, and by the plaintiff to prove and by the defendants to disprove the signature of Miller to the assignments; and the plaintiff has proved, beyond question made, the execution of an instrument in writing between Miller and the plaintiff dated February 23, 1888, which recites the ownership of many patents by Miller, naming them by number and date, and that the plaintiff "is the holder and owner of certain letters patent of the United States, numbered, entitled, and dated as follows:    No. 271,727.    The Construction of Railways.    February 6, 1883,"—and, after further recitals, provides in consideration of the premises

that "the said Miller hereby sells, assigns, and conveys to the said American Cable Railway Company, its successors and assigns, each and all of said letters patent," etc. The defendant still insists, not only that the signatures to the assignments from Miller to Horton and from Horton to the Cable Construction Company are still insufficiently proved, but that the signature to that from Miller to Horton is a forgery. In view of all the circumstances, and especially of the recital in this later instrument of the ownership by the plaintiff of this patent, which would come by way of these assignments, their execution and the genuineness of this signature of Miller seem to be well enough proved. But, if the position of the defendants should be sustained and those assignments fail, the title would then be left remaining in Miller, and be conveyed by this latter instrument to the plaintiff. Objection is made that proof of an assignment from Miller directly to the plaintiff would be a departure from the bill, but the substance of the allegation of assignment from Miller by way of Horton and the Cable Construction Company to the plaintiff is proved by showing an assignment from Miller to the plaintiff, without following all the intermediate steps.

The defendants have also by leave introduced an Italian patent, dated December 31, 1868, and granted to Edmund Barnes, for lowering out of the way at grade crossings the high central rail of railways having such a rail to engage horizontal driving wheels on steep places, according to the English patent No. 277, dated January 26, 1863, and granted John Barraclough Fell. That is a different thing, however, from raising a limber cable on pulleys to bring it within reach of the grip, and it appears to have been contrived to be done in a different way. These patents do not affect the case, as now understood, sufficiently to vary the result.

The defendants now make question about the corporate existence of the plaintiff, principally with reference to the seasonable commencement of corporate business. The corporation was organized, and took the title to this patent, which seems to be within the scope of its corporate powers. No proceedings have been taken to terminate it. Under these circumstances, it seems to exist, so far at least as to be able to maintain this suit against wrongdoers for trespassing upon this corporate property. Decree for plaintiff as before.