CONSOLIDATED STORE SERVICE CO. v. WHIPPLE et al.

(Circuit Court, D. Massachusetts. June 18, 1896.)

No. 497.

1. PATENTS—VALIDITY OF INFRINGEMENT.
   The Osgood patents, No. 357,851, for a store-service apparatus, and No. 293,192, for a cash-car system, *held* valid and infringed, the former as to claim 1, and the latter as to claim 2.

2. SAME.
   The Osgood patent, No. 290,190, for a cash car, *held* not infringed as to claim 4.

This was a suit in equity by the Consolidated Store Service Company against Wayne Whipple and others for alleged infringement

of certain patents relating to store-service apparatus and cash-car systems.

Frederick P. Fish and Charles Neave, for complainant.
John Hillis, for defendants.

CARPENTER, District Judge.    This is a bill in equity to restrain an alleged infringement of the first claim of letters patent No. 357,851, issued February 15, 1887, to Edwin P. Osgood, for store-service apparatus; the second claim of letters patent No. 293,192, issued February 5, 1884, to Byron A. Osgood and Edwin P. Osgood, for cash-car system; and the fourth claim of letters patent No. 290,190, issued December 11, 1883, to Edwin P. Osgood, for cash car.    The proof shows that the invention claimed in the patent first above named was made in August, 1881, and the application was filed June 7, 1883.    The claims alleged to be infringed are as follows:

"(1) In a cash-car apparatus, a wire stretched horizontally between fixed supports at each end and in the described relation to the cashier's desk, in combination with a freely-moving car held below the wire on wheel hangers, to which it is rigidly connected, the wheels thereof being fitted to run one behind the other on the wire, whereby the car is held rigidly against oscillation longitudinally of the way, the whole moving structure being thus adapted to be impelled as a solid body from one end of the way to the other in either direction by the momentum imparted by a single impulse or push, substantially as described."

"(2) In combination with the wires and supporting bar or ring of a cash-car system, an arresting stop or a spring buffer adapted to receive and hold the car."

"(4) The spring catch E, attached to the body of the car, and provided with the handle G, as described."

The device which is covered by the first claim is a carrier, or receptacle for articles to be transported, rigidly fastened to two wheels, and so constructed with a track that it may be suspended beneath and propelled on the track by means of the wheels.    I do not find in the evidence any device which can anticipate or control this claim, and it seems to me entirely clear that it is infringed by the carrier used by the respondents.

The second claim covers a spring with two arms extending parallel with the track, between which the car runs at the end of the track, and by which its motion is arrested.    I find in the record no anticipation of this device.    The respondents use a single spring, carried on the carrier and parallel with the track, and bearing against an enlargement of the track at the point where it is desired to stop the carrier.    This seems to me to be plainly covered by the claim, as it brings about the same result and in the same way.

The fourth claim is for a spring catch with a hooked end by which the carrier is fastened at the end of its journey, and provided with a handle by which it may be released and also propelled on the track.    This device and the manner of its operation are thus described by the inventor:

"To the top pieces A', are fixed, by means of screws b, the spring catches E, these catches having a hooked end, i, which passes under and hooks over

an inclined stop, 11, set upon the track J. A preferably elastic stop, H, receives the impact of the spring catch to arrest the car, and the inclined stop prevents the return. A handle, G, is fixed to the spring catch, so that it may be grasped by the hand and drawn down, the operator at the same time retaining his hold upon the handle to give the car the proper impetus."

The handle has, as it seems to me, two motions in releasing and propelling the car. It is moved, first, downward to release the curved end of the spring from the stop, and then immediately forward to propel the car. The device used by the respondents contains no catch for holding the car at the end of its path. It is there held by the friction of the spring carried by the car and bearing against the projection on the track; and a single horizontal motion imparted to the handle moves the car forward and at the same time depresses the spring so as to release the car. The same result is accomplished, but in a different way. I conclude that the respondents do not infringe this claim.

There will, therefore, be a decree for the complainant as to the first and second claims, and that the respondents do not infringe the fourth claim.