## CARPENTER et al. v. EBERHARD MANUF'G CO.

### (Circuit Court, N. D. Ohio, E. D. November 2, 1896.)

### No. 5,208.

1. PATENTS—ASSIGNMENTS—PATENT-OFFICE RECORDS.
  It seems that certified copies of assignments from the patent-office records are evidence of the genuineness of the signatures thereto, and prima facie proof of proper execution.

2. SAME—INFRINGEMENT SUITS—PROOF OF TITLE.
  Where there was no satisfactory proof as to the ownership of one-half of a patent sued on, and, by the averments of the bill, more of the title was conveyed than originally vested in the patentee, *held*, that complainants' title was defective, and they were not entitled to relief.

**8. SAME—INFRINGEMENT—BRIDLE BITS.**

In the Campbell patent, No. 387,048, for a bridle bit, the curvature of the bit bars is made an essential part of the claims, and there is no infringement where it does not appear that defendant's bit bars curve in the same way, and accomplish the same function.

This was a suit in equity by Charles R. Carpenter and others against the Eberhard Manufacturing Company for alleged infringement of a patent.

Taylor E. Brown, for complainants.

E. A. Angell and Thomas W. Bakewell, for defendant.

RICKS, District Judge. The complainants in this case make certain averments in their bill with reference to the title which they hold in the patent issued to Hardy W. Campbell on the 31st day of July, 1888,—No. 387,048. The bill alleges that:

"Charles R. Carpenter, William H. Pugh, C. I. Shoop, citizens of the United States, residing in the city of Racine, in the county of Racine, state of Wisconsin; Abraham F. Risser, a citizen of the United States, residing in the city of Chicago, in the county of Cook, and state of Illinois (doing business as A. F. Risser & Co.); and the Racine Malleable and Wrought Iron Company, a corporation organized under and existing by virtue of the laws of the state of Wisconsin, having its principal office and place of business in the said city and county of Racine, state of Wisconsin,—bring this, their bill of complaint. * * * And your orators show unto your honors that by direct and mesne assignments and transfers, by instruments in writing, each for a full and adequate consideration, said Hardy W. Campbell granted and conveyed to your orators the full and exclusive right, title, and license of making, using, and vending, etc., the said invention."

The defendant, by its answer, denies any knowledge as to the title and transfers made as averred in the bill, and calls for proof. Thereupon the complainants have offered certain transfers and assignments made by Hardy W. Campbell to the various persons set forth in the bill. It is contended on behalf of the complainants that certified copies of these transfers from the patent office are sufficient to prove the signatures to the original instruments, that they were duly executed, and that they make out a prima facie case of title. The defendant's counsel contend that, while the statutes of the United States permit and authorize the registering of such transfers, they are not in themselves evidence of their proper execution by the parties whose names are thereto attached, but that they make out merely a prima facie case of title. Two opinions are cited by the defendant to sustain its theory,—one in the Fifth Circuit Court of Appeals Reports (case of Paine v. Trask, 5 C. C. A. 497, 56 Fed. 233), and the other in 9 C. C. A. 336, 60 Fed. 1016 (case of Mayor, etc., of City of New York v. American Cable Ry. Co.). These decisions seem to sustain the contention of the defendant's counsel. Complainants' solicitor cites a more recent case, decided in the Seventh circuit, the case of the Standard Elevator Co. v. Crane Elevator Co., 22 C. C. A. 549, 76 Fed. 767. This is a very well-reasoned opinion, and goes to the extent of holding that the certified copies of assignments from the patent office are evidence of the genuineness of the signatures thereto, and prima facie proof of their proper execution. But, in connection with these averments, and the certified copies offered in support thereof, I am satisfied that the complainants' title is defective. There is not satisfactory proof as to

the ownership of the one-half of this patent, which was conveyed to Risser & Co., nor as to who Risser & Co. are, nor as to the relation of the Racine Malleable & Wrought Iron Company, who are licensees. According to the averments of the bill, there is more of the title conveyed than originally vested in the patentee. For these reasons I think the complainants' title is defective, and that they are not entitled to the relief for which they pray.

Having reached this conclusion, it is not important to examine the question of the validity of the patent sued upon. Under the circumstances under which this opinion is written, the court is not able to give the time to the consideration of this question which it deserves; but, inasmuch as the parties have gone to large expense in preparing the case, and inasmuch as the exhibits and the evidence narrow down so closely the question of infringement, even in the short time available to the court this question can be determined. The complainants' expert attaches great importance to the curvature of the bars. The patentee, in his specifications, seems likewise to have attached great importance to the curved bars. In lines 92 to 95 in the specification, he says: "When the bit is secured in this way, the curved bars adapt themselves perfectly to the roof of the horse's mouth, and form a cross which leaves the tongue entirely free under the bit, while the cross-bars prevent the horse from getting his tongue over it." The J. I. C. bit, as shown in the patent drawings and exhibit, shows two horizontally curved bars, with the curvature uniform throughout. The complainants' exhibit of defendant's bit shows that these bars are straight. The curvature of the bit bars is certainly an essential part of Campbell's claims, and, in order to show an infringement, it was the duty of the complainants to show that the defendant's bit bars curved in the same way, and accomplished the same function. For it is well settled that "where one patent combination is asserted to be an infringement of the other, a device in one, to be an equivalent of a device in the other, must perform the same functions." Giving the word "curved" the ordinary definition of the dictionary, and remembering that the burden is upon the complainants to show an infringement, the court finds this proof unsatisfactory and defective The complainants' expert has not succeeded in reconciling his own testimony to make out from his own showing an infringement as the bill claims. There being, therefore, no proof of infringement, the bill must fail as to this part of the case.

A decree may be prepared accordingly, finding that the complainants' title is defective, and that there is no infringement, and the bill will be dismissed.