CONSOLIDATED STORE–SERVICE CO. v. WILSON et al.

(Circuit Court, D. Massachusetts. October 20, 1897.)

No. 788.

1. PATENTS—INVENTION—CASH CARRIERS.
    The Osgood patent, No. 357,851, for a cash carrier, in which the car is propelled upon a horizontal wire from one station to another by the momentum imparted by a single impulse or push, thereby eliminating the double track necessary in the gravity system, and the intermediate mechanical contrivances inherent in the endless-cord system, discloses patentable invention.

2. SAME.
    The Osgood patent, No. 293,192, covering, in a cash-car system, an arresting stop or spring buffer, consisting of a pair of spring arms supported parallel with the track, and opening outward at their free ends, to catch the car and bring it gradually to a stop by friction, covers a new and useful invention, and is infringed by a car having a spring at each end

which clasps between itself and the wheel a tapering enlargement of the track, whereby its motion is arrested.

This was a suit in equity by the Consolidated Store-Service Company against John W. Wilson and others for alleged infringement of two patents relating to cash-carrier or store-service apparatus. The cause was heard on a motion for preliminary injunction.

Fish, Richardson & Storrow and Guy Cunningham, for complainant.
Charles E. Mitchell and Elihu G. Loomis, for defendants.

COLT, Circuit Judge. This motion for a preliminary injunction is based upon the alleged infringement of the first claim of letters patent No. 357,851, issued February 15, 1887, to Edwin P. Osgood, and the second claim of letters patent No. 293,192, issued February 5, 1884, to Byron A. Osgood and Edwin P. Osgood. These patents relate to cash-carrier or store-service apparatus. The first claim of patent No. 357,851 is as follows:

"(1) In a cash-car apparatus, a wire stretched horizontally between fixed supports at each end, and in the described relation to the cashier's desk, in combination with a freely-moving car held below the wire on wheel hangers, to which it is rigidly connected, the wheels thereof being fitted to run one behind the other on the wire, whereby the car is held rigidly against oscillation longitudinally of the way, the whole moving structure being thus adapted to be impelled as a solid body from one end of the way to the other, in either direction, by the momentum imparted by a single impulse or push, substantially as described."

This patent, for the first time, describes a car, in a cash-carrier system, propelled upon a horizontal wire from one station to another by the momentum imparted by a single impulse or push. The prior art discloses no such apparatus. In the old systems the car was propelled either by gravity, as illustrated in the White patent of November 11, 1879, or by intermediate mechanical means, such as an endless cord attached to the car, and operated by pulleys, as illustrated in the Brown patent of July 13, 1875. My impression at the hearing was rather against the validity of this patent, but, upon careful consideration, I am satisfied that it describes a new, useful, and patentable improvement in the cash-carrier art. To have devised a simple apparatus, by which are eliminated the double track, which is a necessity in the gravity system, and the intermediate mechanical contrivances, which are inherent in the endless-cord system, involved, in my opinion, invention. It is unnecessary to discuss the other prior patents contained in the record, because the nearest approach to the Osgood device are the devices described in the White and Brown patents. As to infringement, it is not disputed that the defendants' apparatus contains the horizontal wire, the rigidly attached car, and the impulse feature of the Osgood patent.

Claim 2 of patent 293,192 is as follows:

"(2) In combination with the wires and supporting bar or ring of a cash-car system, an arresting stop or a spring buffer adapted to receive and hold the car."

The construction of a suitable stop mechanism for the car in a cash-carrier system has proved to be a problem not free from difficulty.

This is shown by various patents which have been taken out for different forms of stop mechanism. The present device is composed of a pair of spring arms supported parallel with the track, and opening outward at their free ends. The forward end of the approaching car runs between the spring arms, which then bear against the sides of the car, and, through friction, gradually bring it to a stop. This form of stop is not found in the prior art. The White patent, already referred to, describes an inclined spring blade which comes into collision with a projection on the car. This may work well with a gravity track, but not with a horizontal track, where it is necessary to bring the car gradually to rest. The Higgs patent, dated November 26, 1878, is a spring latch or catch, rather than a spring stop. No prior device disclosed in the record has the construction or mode of operation of the Osgood stop. The invention covered by this claim may be a narrow one, but the device seems to be new and useful, and adapted especially to a cash-carrier system operated upon the impulse plan. The defendants' car is provided near each end with a spring. These springs are in line with the track and wheels, and press elastically towards the wheels. At the end of the track where the car is to be stopped, the track has a tapering enlargement, so that the forward wheel of the approaching carrier is gradually clasped and finally held by means of the spring and the enlargement of the track. We regard this device as an equivalent of the Osgood spring stop.

The two patents now in suit were sustained at final hearing in this court by Judge Carpenter in the case of This Complainant v. Whipple, 75 Fed. 27. As, however, the defendants in the present suit contend that that suit was not contested bona fide, or at least not strenuously, I have preferred to consider the motion in this case on its merits, and independently of the former suit, or of the effect the decree in that case should have as a prior adjudication upon the determination of the present motion. Motion granted.