NATIONAL CASH-REGISTER CO. v. NAVY CASH-REGISTER CO.

(Circuit Court, N. D. Illinois, N. D.   January 6, 1900.)

No. 25,351.

PATENTS—EVIDENCE OF ASSIGNMENT—PATENT-OFFICE RECORDS.

Certified copies of patent-office records of assignments are not primary evidence of such assignments, and are only admissible to prove title to a patent where proper foundation is laid by showing the existence of the original instruments, and that they are lost or destroyed, or that it is out of complainant's power to produce them.

This is a suit in equity for infringement of a patent.   On motion for preliminary injunction.

Edward Rector, for complainant.

Offield, Towle & Linthicum and Thos. W. Flynn, for defendant.

KOHLSAAT, District Judge.   Defendant insists that complainant's title is not properly established in this case, as no proper foundation was laid for the introduction of certified copies of the record of assignment in the patent office.   In this I concur.   My views of this question coincide with the opinions of the circuit courts of appeals of the First and Second circuits, as stated in Paine v. Trask, 5 C. C. A. 497, 56 Fed. 233, and City of New York v. American Cable Ry. Co., 9 C. C. A. 336, 60 Fed. 1016, respectively, and also with the dissenting opinion of Judge Woods in the Crane Elevator Case, 22 C. C. A. 549, 76 Fed. 767.   Certified copies of patent-office records of assignments are not made evidence by any United States statute, and, if competent at all, must conform to the rules relating to primary and secondary evidence, and are only admissible when proper grounds are laid; i. e. upon showing the former existence of the original instruments of assignment, and the fact that they are lost, or that it is out of complainant's power to obtain the same for introduction in evidence, or that no better evidence is in existence.   Even where copies of the records of deeds are by statute made evidence in this state, it is a requisite that good reason be shown for the nonproduction of the original before the certified copy is admissible.   I know of no reason why the best evidence should not be required in patent matters whenever it is possible to obtain the same, nor any rule which dispenses in patent litigation with the safeguards placed around the reception of secondary evidence in other suits.   Until competent proof of complainant's title is shown, the court cannot entertain the motion for a preliminary injunction herein, and therefore I deem it unnecessary to pass upon the other questions involved.   The motion for a preliminary injunction is denied, with leave to renew application.