## VICTOR TALKING MACH. CO. et al. v. LEED & CATLIN CO.

(Circuit Court, S. D. New York. June 1, 1910.)

PATENTS (§ 314*)—INFRINGEMENT—DEFAULT.

> Where, in a suit for patent infringement, defendant made default after the taking of full proofs, the court will not pass on the questions arising in detail on the theory that the decision would be of use in case of subsequent infringement, as the basis of a preliminary injunction, but will only go over the case sufficiently to dispose of the actual controversy.
>
> [Ed. Note.—For other cases, see Patents, Cent. Dig. § 550; Dec. Dig. § 314.*]

In Equity. Suit by the Victor Talking Machine Company and another against the Leed & Catlin Company. Decree for complainants.

Horace Pettit, for complainants.

Louis Hicks, for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HAND, District Judge. This case comes on for final hearing upon the defendant's default after taking full proofs. Upon the argument sufficient of the facts were produced to justify the usual final decree. The counsel for complainant wishes the court to consider and pass upon the questions which arise in detail, upon the theory that it will be of use in case of subsequent infringement as the basis for a preliminary injunction. That is, however, not the rule in this circuit. In Hayes v. Leton (C. C.) 5 Fed. 521, Judge Benedict declined to follow an adjudication which was taken by default. It does not appear in that case whether the defendant defaulted on his proofs or only upon the final hearing; but in American Electric Novelty Co. v. Newgold (C. C.) 99 Fed. 567, Judge Lacombe declined to treat a prior adjudication as binding upon preliminary injunction when the decision had been submitted on pleadings and proofs of plaintiff but without argument or brief by defendant. In that case Judge Wheeler had upon final hearing examined the record and decided that the bill was valid and that there had been infringement. His memorandum is reported in American Electrical Novelty & Manufacturing Co. v. Acme Electric Lamp Co. et al. (C. C.) 98 Fed. 895. In Société Anonyme Du Filtre Chamberland Systemè Pasteur et al. v. Allen et al. (C. C.) 84 Fed. 812, Judge Hammond, in the Sixth circuit, declined to regard an adjudication as having the usual weight when the defendant had contested it up to final hearing but abandoned it.

It therefore appears that an adjudication, however careful, under these circumstances would not benefit the complainant, and I must decline to examine the record in the light of possible objections to the patent, or to go over the case with more particularity than is necessary simply to dispose of the actual controversy.

Let the usual decree pass.