### NATIONAL PAINT REMOVING CO. OF WASHINGTON v. COCHRAN et al.

(District Court, W. D. Washington, N. D.   March 10, 1923.)

#### No. 313.

1. Patents ⬳312(1)—Conduct of defendant held to place on him burden of overcoming prima facie validity of patent.

The conduct of a defendant in an infringement suit in abandoning his alleged infringing enterprise in other jurisdictions and leaving that jurisdiction was virtually an abandonment of his defense to those suits and an election to fight the patent in other fields, and was sufficient to place

on him the burden of overcoming the prima facie validity of the patent established as against him; his conduct amounting to an admission on principles of estoppel.

2. Patents ⬦⇒327—Plaintiff's title held not to rest on any principle of estoppel or res judicata.

Where plaintiff in another action in another jurisdiction for infringement of patent is not shown to be in any way in privity with the plaintiff, in the present action, and the defendant is not shown to have been in any way in privity with the defendant in the other suit, and the plaintiff is not shown to be in privity with the plaintiff in still another action in another jurisdiction against the present defendant, the plaintiff's title in the present case can in no way rest on any principle of estoppel or res judicata.

3. Evidence ⬦⇒175—Abstract showing assignment of patent no evidence of title.

An abstract under the certificate of the acting Commissioner of Patents, showing an assignment, is not evidence of title in the assignee.

In Equity. Suit by the National Paint Removing Company of Washington against Harry R. Cochran, B. G. Eaton, and Harry L. Maynard, doing business as the Modern Paint Removing Company, for infringement of a patent. On motion for a preliminary injunction. Motion denied.

Roberts & Skeel, of Seattle, Wash., for plaintiff.
Moore & Harroun, of Seattle, Wash., for defendants.

CUSHMAN, District Judge. Plaintiff sues for infringement of patent No. 1,355,074, process for removing paint and other surface finish. Plaintiff alleges it acquired ownership from the patentee of the patent for the state of Washington, through a number of mesne transfers, and now asks a temporary injunction. The defendant has not answered, but has moved to dismiss the bill; one of the grounds of the motion being that the bill does not show title or interest in the plaintiff such as to enable it to maintain the suit.

A number of affidavits were filed and oral testimony was taken for and in opposition to the motion for an injunction. Upon the hearing it was shown that suits for infringement of the patent had been brought in Utah, Texas, California, and Louisiana; that after the suit was brought in Utah, asking an injunction, the alleged infringer abandoned the process, and decree went for complainant; that after the suit was brought in Texas, also praying an injunction, the defendants confessed infringement, and a decree was rendered against them without contest; that Maynard, the now sole defendant in the present suit, "opened up a paint removing plant in New Orleans, La., and conducted the same using the complainant's patented process, and thereupon suit was brought against him in the United States District Court at New Orleans, and injunction sought, and thereafter said Harry L. Maynard abandoned the enterprise and left the jurisdiction"; that after the suit was brought in California such proceedings were had that the defendants answered, and thereafter upon the trial the plaintiff's complaint was sustained, all of the claims held valid and infringed by the defendant, and injunction against the defendant was granted.

⬦⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"When there has been a prior adjudication in another court, in which the validity of a patent has been *fully contested and sustained*, the court will, upon a motion for a preliminary injunction, consider the validity of the patent as prima facie established. Van Hook v. Wood (C. C. 1844) Fed. Cas. No. 16,855; Goodyear v. Honsinger (C. C. 1867) Fed. Cas. No. 5,572; Hitchcock v. Shoninger Melodean Co. (C. C. 1875) Fed. Cas. No. 6,537; American Middlings Purifier Co. v. Christian (C. C. 1877) Fed. Cas. No. 307; American Bell Tel. Co. v. National Improved Tel. Co. (C. C. 1886) 27 Fed. 663; Edison Electric Light Co. v. Citizens' Electric Light, Heat & Power Co. (C. C. 1894) 64 Fed. 491." Section 9467, Comp. Stats. 1916, note 44.

"Judgments and decrees entered by consent, pursuant to a compromise between the parties in patent cases, do not establish the validity of patents involved. Wilson v. Consolidated Store-Service Co. (1898) 88 Fed. 286, 31 C. C. A. 533 (reversing order Consolidated Store Service Co. v. Wilson [C. C. 1897] 83 Fed. 201); Bowers Dredging Co. v. New York Dredging Co. (C. C. 1896) 77 Fed. 980; National Enameling Co. v. New England Enameling Co. (C. C. 1903) 123 Fed. 436; Earll v. Rochester S. & E. R. Co. (C. C. 1907) 157 Fed. 241; New York Button Works v. Crescent Button Co. (C. C. 1910) 185 Fed. 820. A decree for plaintiff in a suit founded on a patent, entered without objection and without a hearing before the court by reason of an abandonment of the defense, is not sufficient ground upon which to grant a preliminary injunction in a subsequent suit in another district and against other parties, founded on the same patent. Hayes v. Leton (C. C. 1881) 5 Fed. 521; Société Anonyme du Filtre Chamberland Système Pasteur v. Allen (C. C. 1897) 84 Fed. 812 (order affirmed [1898] 90 Fed. 815, 33 C. C. A. 282); American Electrical Novelty Co. v. Newgold (C. C. 1900) 99 Fed. 567; Western Electric Co. v. Anthracite Telephone Co. (C. C. 1902) 113 Fed. 834; Diamond Match Co. v. Union Match Co. (C. C. 1904) 129 Fed. 602." Section 9467, Comp. Stats. 1916, note 50.

[1] The conduct of Maynard, now sole defendant herein, in abandoning his alleged infringing enterprise in Louisiana and leaving that jurisdiction, was virtually an abandonment of his defense to that suit and an election to fight the patent in other fields. This conduct on his part was sufficient to place upon him the burden of overcoming the prima facie validity of the patent established as against him, by his conduct amounting to an admission, upon principles of estoppel.

This leaves for consideration the question of the sufficiency of the evidence of plaintiff's ownership of the patent and the further question of defendant's infringement. Before considering the question of infringement, it is first necessary to determine whether plaintiff has proven ownership. The original assignment to plaintiff from George C. Thompson and the original assignment to George C. Thompson from the National Auto Paint Remover Company, described as a common-law trust composed of W. T. Jackson, John T. Shepherd, and Mrs. Mabel Shellman, are in evidence.

[2] The patentee plaintiff in the California case, as recited in the complaint, the Universal Paint Remover & Motor Cleaning Company, described as a common-law trust, is not shown to be in any way in privity with the plaintiff in the present suit; nor is the defendant herein shown to have been in any way in privity with the defendant in that suit; nor is the plaintiff shown to be in privity with the plaintiff in the Louisiana suit. Therefore plaintiff's title in the present case can in no way rest upon any principle of estoppel, or res adjudicata, but must rest upon such evidence as has been produced of the assignments through which the National Auto Paint Remover Company traces its

title from the patentee. The only evidence of these assignments offered is found in an abstract under the certificate of the acting Commissioner of Patents. This certificate reads:

"This is to certify that the annexed is a true copy from the digest of this office of all assignments, agreements, licenses, powers of attorney, and other instruments of writing, found of record up to and including December 19, 1921, that may affect letters patent granted to David P. Cleveland, Dallas, Tex., assignor to Universal Paint Remover & Motor Cleaning Company, Dallas, Tex., a common-law company having as its trustees Ed Wilkerson, J. A. Bergfeld, and David P. Cleveland. Patent No. 1,355,074. Dated October 5, 1920. 'Process of removing surface finish.'"

This digest does not set out anything which purports to be a copy of any of the assignments, but only contains a synopsis of the contents of each assignment, recited as of record in the office of the Commissioner, and resembles an ordinary abstract of real estate title. This digest indicates, among others, the recording of assignments from the inventor, David P. Cleveland, to the Universal Paint Remover & Motor Cleaning Company (a common-law company having as its trustees Ed Wilkerson, J. A. Bergfeld, and David P. Cleveland), Dallas, Texas; from the Universal Paint Remover & Motor Cleaning Company (a trust estate), Ed Wilkerson, J. A. Bergfeld, David P. Cleveland, trustees, to William T. Jackson, J. T. Shepherd, John M. Spellman, all of Dallas county, Texas; from John M. Spellman to Mabel Spellman; from Ed Wilkerson (a trustee of the Universal Paint Remover & Motor Cleaning Company, a trust estate), to J. A. Bergfeld (a trustee of the Universal Paint Remover & Motor Cleaning Company, a trust estate); and from W. T. Jackson, Mabel R. Spellman, J. T. Shepherd, and John M. Spellman, to National Auto Paint Remover Company, a common-law trust estate operating under declaration of trust dated January 19, 1921.

[3] While the decisions are not uniform, the weight of authority is that a copy of an assignment, certified by the Commissioner of Patents, whatever may be its effect as notice of the assignment recorded, is not sufficient to evidence the execution of the assignment. Johnston v. Southern Well Works Co., 208 Fed. 145, at page 146, 125 C. C. A. 361; Toledo Computing Scale Co. v. Computing Scale Co., 208 Fed. 410, at page 415, 125 C. C. A. 622; Paine v. Trask (C. C.) 56 Fed. 233; American Graphophone Co. v. Leeds & Catlin Co. (C. C.) 140 Fed. 981; Eastern Dynamite Co. v. Keystone Powder Mfg. Co. (C. C.) 164 Fed. 47, at pages 49, 50; Mayor, etc., City of N. Y. v. American Cable R. Co., 60 Fed. 1016, 9 C. C. A. 336. The cases cited as expresing a contrary opinion (section 9444, Comp. Stats., note 12) are Dederick v. Whitman Agricultural Co. (C. C. 1886) 26 Fed. 763; National Folding Box & Paper Co. v. American Paper Pail & Box Co. (C. C. 1893) 55 Fed. 488; Carpenter v. Eberhard Mfg. Co. (C. C.) 78 Fed. 127; Standard Elevator Co. v. Crane Elevator Co., 76 Fed. 767, 792, 22 C. C. A. 549; Snead v. Scheble, 175 Fed. 570, at page 573, 99 C. C. A. 578.

In Standard Elevator Co. v. Crane Elevator Co., 76 Fed. 767, 22 C. C. A. 549 (C. C. A. 7th Circuit), supra, Judge Woods dissenting,

the majority appear to have based their ruling in part upon the form of the objection in the lower court, for the court says:

"* * * There was no call for any original writing of assignment, nor was any objection made on the ground that any original writing of assignment was not produced, or its loss accounted for." 76 Fed. at page 792, 22 C. C. A. 573.

In Snead v. Scheble, 175 Fed. 570, 99 C. C. A. 578, the Circuit Court of Appeals of the Sixth Circuit does not hold that a copy of an assignment certified by the Commissioner is prima facie evidence of transfer of title. The effect of the holding is that the court, in the face of the record of an assignment, will not proceed to determine that the assignee did not acquire an interest in a patent in a case where such assignee is not made a party; that is, the court ruled the certified record to be notice of an outstanding claim that might, upon proper inquiry, be found to establish part ownership in one not a party to the suit.

In Carpenter v. Eberhard Mfg. Co. (C. C.) 78 Fed. 127, the fact is noted that the holdings of the courts are not uniform upon this question and the decision in Standard Elevator Co. v. Crane Elevator Co., supra, is described as a well-reasoned opinion. Yet the holding of Judge Ricks in Carpenter v. Eberhard was that complainant's title was defective. So that, if it be conceded that the judge meant to approve and follow the ruling in the Standard Elevator Case, it would be dictum.

In Dederick v. Whitman Agricultural Co. (C. C.) 26 Fed. 763, wherein "the only evidence offered of the execution of an assignment to him is a certified copy of an unacknowledged instrument on record in the patent office, which purports to be a duly executed assignment," all that the court said upon the point was:

"Objection has been interposed by the defendant as to the proofs of assignments of said patents to the complainant. The court holds that the proofs of said assignments respectively are complete in the absence of countervailing testimony." 26 Fed. at page 764.

In National Folding Box & Paper Co. v. American Paper Pail & Box Co. (C. C.) 55 Fed. 488, the ruling in Dederick v. Whitman Agricultural Co., supra, is followed. The opinion in this case recites that:

"The patent has been before the courts several times, and every question relating to the merits has been adjudicated by this court. * * * All of the questions now presented, except the question of title, are res judicata in this court. * * * When a certified copy of an assignment which has been duly recorded in the patent office and which is sufficient on its face to pass the title, is introduced in evidence, enough has been done to put the defendant to his proof." 55 Fed. at pages 489, 490.

Besides the Dederick Case and Parker v. Haworth, 4 McLean, 370, Fed. Cas. No. 10,738, the court cites Bank v. Dandridge, 12 Wheat. 64, 6 L. Ed. 552. I am unable to see that the last case in any way supports the ruling. No case that I have been able to find holds that the mere digest or abstract of an assignment, certified by the Commissioner, is evidence of any fact whatever. Johnston v. Southern Well Works

Co., 208 Fed. 145, 125 C. C. A. 361, as I understand the opinion, holds that it is not.

In Beckwith Box Toe Co. v. Gowdy (D. C.) 244 Fed. 805, the point was not as to the sufficiency of the certified copy of an assignment, for the court says:

"The issuance of a *patent* to one named as assignee of the applicant is prima facie evidence of title in such assignee."

The temporary injunction will be denied.