## Case No. 6,394.

### HERBERT v. ADAMS.

[4 Mason, 15; [1] 1 Robb, Pat. Cas. 505.]

Circuit Court, D. Massachusetts. Oct. Term, 1825.

PATENTS—SUIT FOR INFRINGEMENT AFTER ASSIGNMENT BROUGHT IN NAME OF ASSIGNEE — VALIDITY OF ASSIGNMENT BEFORE PATENT IS OBTAINED.

1. A patentee of an invention cannot maintain a suit, after he has made an assignment, for any violation of his patent; but the suit must be brought by the assignee.

[Cited in Wilson v. Rosseau, Case No. 17,-832, 4 How. (45 U. S.) 703; Gayler v. Wilder, 10 How. (51 U. S.) 493; Moore v. Marsh, 7 Wall. (74 U. S.) 521.]

[Cited in Higgins v. Strong, 4 Blackf. 183; May v. Page, 60 N. Y. 629.]

2. An assignment made before the patent is obtained, is good, and binds the right.

[Cited in Newell v. West, Case No. 10,150.]

[Cited in Somerby v. Buntin, 118 Mass. 287.]

Case [by Obadiah R. Herbert against Charles Adams] for the infringement of a patent for an improvement in the making of bedsteads. Plea, general issue. Upon the trial it appeared in evidence, that the plaintiff had made an assignment of his invention on the 8th of July, 1824, and afterwards took out his patent in the patent office on the 14th of the same month, and the assignment was recorded the next day in the department of state, according to the patent act, 1793, c. 11, § 4 [1 Stat. 322].

Webster and Bliss, for plaintiff.
Warner and Gorham, for defendant.

STORY, Circuit Justice. Under these circumstances I think the present suit cannot be maintained. The suit should have been brought in the name of the assignee. The assignment is not void by being executed before the invention was patented. It was a good transfer of the right of the patentee immediately upon his obtaining the patent, and he would be estopped to set up any adverse title. The subsequent infringement, by the defendant, if any, was a violation of the right of the assignee, and not of the inventor; for by the fourth section of the patent act, after an assignment is recorded, the assignee stands in the place of the original inventor, both as to right and responsibility.

Plaintiff nonsuit.