Mr. Justice CLIFFORD
 

 delivered the opinion of the court.
 

 Viewed in the light of the admitted facts, the only question in the ease'is whether the assignment by the plaintiff to a third person of an undivided half of the right, title,- and interest secured to him by his letters patent, subsequent to the alleged infringement, but before the commencement of his suit, is a bar to his claim to recover damages for such infringement.
 

 Letters patent were granted to the plaintiff on the 18th of April, 1848, for a certain new and useful improvement in grain drills, in which it is alleged'that he is the original and first inventor of the improvement. Original patent .was for the term of fourteen years, but it was subsequently extended by the Commissioner of Patents for the term of seven years from and- after the expiration of the original term. Alleged defects-existed in the original specification, and in consequence thereof, the plaintiff*, on the 3d of February, 1863, surrendered the letters patent, and the’ same were reissued to him in three new patents for separate and distinct parts of the invention for the unexpired portion of the original and extended terms of the patent.
 

 Damages are claimed of the defendants for infringing the reissued letters patent from the day of the reissue to the 24th of February, 1865, as more fully set forth in the declaration.
 

 
 *519
 
 Pleas to the declaration were, subsequently filed by the defendants, and the record shows that they gave due notice of certain special defences which they proposed to offer in evidence under the general issue, in pursuance of the act of Congress in such ease made and provided. Before the day for the. trial came, however, the parties filed an agreement waiving a jury and submitting the cause to the court, stipulating that the decision of the court should have' the same effect as the verdict of a.jury. Leave to amend was subse- • quently granted by the court to both parties.
 

 Purport -of the amendment , to the declaration was, that the plaintiff was the sole owner of the letters patent for the county of Union, ,in the State of Pennsylvania, from the date of the reissued letters patent to tlfe 24th of February, 1865, and that the defendants had infringed the same throughout that period, by making and using the invention, and vending the same to others to be used without his license or consent.
 

 Defendants filed another special plea, in which they alleged that the plaintiff, when he commenced his suit, was not the owner of the exclusive right secured in the reissued letters patent within any part of the United States; that in certain States and districts he had parted with all his interest in the patent; and that, on the said 24th of February, he assigned and transferred an undivided half of all the residue of his right, title, and interest in the same, and, therefore, that the-plaintiff had no right to bring this action in his own name, against the defendants. Plaintiff demurred to the plea, and the defendants joined in demurrer. Parties were heard, and the court rendered judgment for the defendants, and the plaintiff sued out this writ of error.
 

 Conceded fact is, that the plaintiff was the. exclusive owner of the patent in the territorial district where the alleged infringement was committed, throughout the entire period of the infringement, as alleged in. the declaration. Express allegation of the declaration is to that effect, and, as the plea js in avoidance and contains no denial of the matters alleged in the declaration, they must be considered as ad
 
 *520
 
 mitted, unless the matters alleged in the' special plea are a sufficient answer to the action. •
 

 Briefly stated, the matter alleged in avoidance of the right of the plaintiff to maintain the suit is, that he, before he commenced the suit, but subsequent to the infringement-? sold and assigned an undivided half of flis patent for the territorial district where the infringement was committed, to a third person.
 

 • Patentees have -secured to them, by virtue of the letters patent granted to them, the full and exclusive right and liberty, for a .prescribed term, “of making and using, and vending to others to be used,” their respective inventions or discoveries; aud, whenever their rights, as thus defined, are invaded by others, they áre entitled to an action on the case to recover actual damages as compensation for the injury.
 
 *
 

 Such damages may be recovered by action on the case in any Circuit Court of competent jurisdiction, to be brought in the name or names of the person or persons interested, whether as patentees, assignees, or as grantees of the exclusive right, as already defined, within and throughout a specified part of the United States.
 
 †
 

 Assignees aud grantees,' as well as the patentee, may, under some circumstances, maintain an action on the case for an infringement, in their own name, as appears by the express words of the act of Congress. An assignee'is one who holds, by a valid assignment in writing, the whole interest of a patent, or any undivided part of such whole interest, throughout the United St^tes.
 
 ‡
 

 , Where the patentee has assigned his whqle interest, either before or after the patent is issue'd, the action must be brought in the name of the assignee, because he alone was interested in the patent at the time the infringement took place; but where the-assignment is of an undivided part of the patent, the action should be brought for every infringement committed subsequent to the assignment, in the joint names of.
 
 *521
 
 the patentee and assignee, as representing the entire interest.
 
 *
 

 Settled vieW- at o.ne time was, that the grantee of a territorial right, ,for a particular district, could not bring an action on.the-patent in his own' name; but the act of Congress having made him a party interested in the patent, it is now equally well settled that he may sue in his own name for invasion of the .patent in that territorial district, as no one1' else i's injured by any such infringement.
 
 †
 

 Both assignees and grantees have an interest in'the patent, but the terms are not synonymous, as used in the patent law.
 
 ‡
 

 > Grants, as well as assignments, must be in waiting, and they must convey the exclusive right, under the patent, to make and use, and vend to others to be used, the thing, patentéd, within'and throughout some specified district or portion of the United .States, and such right must be exclusive 'of the patentee, as well as of all others except the grantee. Suits for infringement in such districts, if committed subsequent to the grant, can only be brought in the name of the grantee, afs it is clear that no one /an maintain such an action until his rights have been invaded, nor .until he is interested, in the damages to be recovered.
 

 Alleged infringement in this case was committed .in the county of Union, in the State of Pennsylvania, and the admitted fact is, that the plaintiff,.throughout the entire period of the infringement, w/as the sole owner of the exclusive right to make and use, and grant to others to make and use, the thing patented in that territorial district, by virtue of his originál title as patentee, having never assigned or granted any right, title, or interest, within that county.
 
 §
 

 
 *522
 
 Grant that these views are correct, and it is clear that unless -the plaintiff* can maintain the action there can be no redress, as it is too.plain for argument, that a subsequent -assignee or grantee can neither maintain an action in his own name, or be joined with the patentee in maintaining it for any infringement of theNexclusive right committed before he became interested in the patent. Undoubtedly the assignee
 
 thereafter
 
 stands in the place of the patentee, both as to right under the patent and future responsibility; but it is a great mistake to suppose that the assignment of a patent carries with it a transfer of the right to .damages for an infringement committed before such assignment.
 

 Comment upon the cases cited, as supporting this proposition, is unnecessary, as it is clear to a demonstration that they give it no countenance whatever. Such a proposition finds no support in any decided case, nor in the act of Congress upon the subject.
 

 True meaning of* the word interested, as employed in the last clause of the fourteenth section of the Patent Act, when properly understood and applied, is, that the right of action is given ..to the person op persons owning the exclusive right at the time the -infringement is committed. Subsequent sale and transfer of the exclusive right are no bar to .an action to recover damages for an infringement committed before such sale and transfer.
 

 The reason for the rule is, that the assignee or grantee is not interested in the damages'for any infringement committed before the sale and transfer of the patent. Correct interpretation of the words, person or persons interested, is, that the.words mean the person or persons interested in the ’patent at the time when the infringement was committed, which is the cause of action for which the damages may be recovered.
 
 *
 

 Assignment was made in that case after suit was brought, but before the final decree. Proof of the fact was offered, and a motion filed to dismiss the case, but the court over
 
 *523
 
 ruled the motion, because the assignees could have no interest in a suit for an infringement committed' before their right accruéd.
 
 *
 

 Attempt is made to distinguish the ease at bar from the rule established in those, cases, but, in the view of this court, without success.
 

 Judgment reversed. New venire ordered.
 

 Howard, 494.
 

 *
 

 5 Stat. at Large, 123,
 
 §
 
 14.
 

 †
 

 Ib.
 

 ‡
 

 Id. 121, § 11.
 

 *
 

 Herbert
 
 v.
 
 Adams, 4 Mason, 15; Curtis on Patents (3d ed.), § 347; Gayler et al.
 
 v.
 
 Wilder, 10 Howard, 477 ; Whittemore
 
 v.
 
 Cutter, 1 Gallison, 430; Woodworth
 
 v.
 
 Wilson, 4 Howard, 712.
 

 †
 

 Tyler
 
 v.
 
 Tuel, 6 Cranch, 324; Gayler et al. v. Wilder, 10 Howard, 477, Curtis on Patents, § 346.
 

 ‡
 

 Potter
 
 v.
 
 Holland, Law’s Digest, 157.
 

 §
 

 5 Stat. at Large, 121, § 11.
 

 *
 

 Dean
 
 v.
 
 Mason et al., 20 Howard, 198.
 

 *
 

 Kilborn v. Rewee, 8 Gray, 415; 1 Hilliard on T. 521; Eades
 
 v.
 
 Harris, 1 Younge
 
 &
 
 Collier, 230.