ADAMS *v.* BELLAIRE STAMPING CO.

SAME *v.* BARON and others.

(*Circuit Court, S. D. Ohio, E. D.* October 17, 1885.)

PATENT LAW—RIGHT OF ASSIGNEE OF CHOSES IN ACTION TO SUE AT LAW THEREFOR IN HIS OWN NAME—APPLICATION OF STATE STATUTES OF LIMITATIONS TO ACTIONS FOR THE INFRINGEMENT OF PATENTS.

Plaintiff, Adams, became the assignee of the entire interest in and to the patent a year and more before its expiration, taking with an assignment of the legal title the right to recover all past damages. His title was made up of three chains of title, involving a number of individual interests. The patent having expired, suit was commenced at law, and a general and four special demurrers filed. *Query.* In such a case, can the plaintiff sue in his own name for infringements occurring during the period when his assignors held the legal title, or must his assignors be joined in separate suits according as priority between them shall appear? And, *query,* do the state statutes of limitations apply to such actions? *Held: First.* That under section 4919, Rev. St., plaintiff, by virtue of his title as assignee, has the right to sue in his own name for all infringements, including those of date prior to the assignments under which he claims. *Moore* v. *Marsh,* 7 Wall. 516, distinguished. *Second.* As to the application of the state statutes of limitations the authorities are in conflict, and the jury will be instructed, if they find for the plaintiff, to find separately, by special verdict, the damages prior and those subsequent to the limitation claimed.

On Defendants' Demurrer to Declaration.

*James H. Raymond,* for plaintiff.

*George W. Dyer,* (with whom is *Charles H. Grosvenor,*) for defendants.

SAGE, J. 1. It is my opinion that the plaintiff in these actions, by virtue of his title as assignee, has the right to sue in his own name for all infringements, including those of date prior to the assignments under which he claims. This opinion is based upon the provisions of section 4919, Rev. St., that damages for infringement may be re-

covered in the name of the party interested. In cases where the assignment does not include prior claims for infringement the holder of the patent at the time of the prior infringement should be joined as a plaintiff, but only for the reason that the assignment of a patent does not carry with it claims for prior infringements. That was the point decided in *Moore* v. *Marsh,* 7 Wall. 515. But in the case at bar the assignments include, in terms, all claim for prior infringements. The plaintiff is therefore the only party interested, and the actions are rightly brought in his name.

2. The state statute of limitations does not apply. The authorities are in conflict, and the question is one of great difficulty. Without entering upon discussion I have concluded, while deciding this point against the defendants, that the cases in their further progress should be so shaped as, in the event of verdict for the plaintiff, to save the question for decision by the appellate court without putting the parties, whatever that decision may be, to the expense or delay of a new trial.

The demurrers will be overruled, with leave to defendants to plead within 30 days. If they plead the statute of limitations, the plea will be overruled on demurrer; but on the trial the jury will be instructed, if they find for the plaintiff, to find separately, by special verdict, the damages prior and those subsequent to the limitation claimed.