NEW YORK BELTING & PACKING Co. *v.* NEW JERSEY CAR-SPRING & RUBBER Co.

(*Circuit Court, S. D. New York. May 25, 1891.*)

INFRINGEMENT OF PATENT—ASSIGNMENT PENDENTE LITE—JOINDER OF ASSIGNEE.
Where the owner of a patent makes an assignment pending a suit by him to restrain an infringement, and for damages, but expressly reserves past damages, and there is no proof or claim of infringement subsequent thereto, the assignee cannot maintain a suit against the defendant, and should not therefore be joined as complainant.

In Equity.

The New York Belting & Packing Company, a Connecticut corporation, brought this suit against the New Jersey Car-Spring & Rubber Company in the year 1887, for infringement of a patent. In June, 1890,

the original complainant assigned all its right in the patent under which this suit was brought to an English corporation, called the "New York Belting & Packing Co., Limited." The English corporation moves for leave to file a supplemental bill, in view of the assignment to it of the patent in suit in June, 1890. The defendant's objection is principally based upon the grounds that the assignment of the patent in suit does not carry back damages; that the assignment of the patent in suit gives the English corporation all title to damages and profits after June, 1890, but nothing before; that the suit is for infringement occurring before March, 1887, and that hence the Connecticut corporation, if entitled to damages under the original bill, has not parted with its right thereto; that the English corporation, if it wants to come in as party complainant, must allege infringement of its right after date of purchase, but such allegation would be a new cause of action, and not a proper subject for supplemental bill, in view of *Kennedy* v. *Bank*, 8 How. 610; and that the Connecticut corporation, having sold its patent prior to the hearing, has lost its right to an injunction, in view of *Boomer* v. *Press Co.*, 13 Blatchf. 113; *Wheeler* v. *McCormick*, 11 Blatchf. 334, 345; *Electrical Accumulator Co.* v. *Brush Electric Co.*, 44 Fed. Rep. 605; and *Brewer* v. *Dodge*, 28 Mich. 359. Motion denied.

*Wm. H. L. Lee*, for complainant.

*Arthur v. Briesen*, for defendant.

LACOMBE, Circuit Judge. No doubt this court, having obtained jurisdiction of this suit, brought by the Connecticut corporation for an injunction and damages for past infringements, would retain the case, and decree for the damages, although, by assignment *pendente lite*, reserving back damages prior to June, 1890, the present complainant may have lost all right to an injunction. Whether the English corporation should be joined as complainant seems to depend upon the question whether it could itself maintain a suit against the defendant. Its title to the patent dates only from June, 1890. It has no claim for damages for infringements prior to that time, which were expressly reserved to the assignor. There is no proof, nor any claim, even, of infringements subsequent to that time. The only proof or claim of infringement is as to acts done three years before the assignee became the owner of the patent, and not continued since. Upon such averments, the English corporation could not maintain a bill for injunction, and therefore it should not be made a complainant.