JONES v. BERGER et al.

(Circuit Court, D. Maryland. November 16, 1893.)

1. PATENTS FOR INVENTIONS—ASSIGNMENT—PRIOR DAMAGES.
   A simple assignment of "all right, title, and interest" in the invention secured by a patent does not include a right to damages for prior infringements.

2. SAME—LICENSE BY PAROL.
   A license to use a patent, not exclusive of others, need not be recorded, and may be granted by parol; and a subsequent assignee of the patent takes title subject to such licenses, of which he must inform himself as best he may.

3. SAME—INFRINGEMENT—DEFENSES—PLEADING.
   In a suit for infringement by an assignee of a patent a plea which sets up an oral license from the assignor will be strictly construed, and held insufficient if it fails to state the actual consideration for the license, or allege payment of accrued royalties, or an excuse for nonpayment.

In Equity.    Suit by Joshua R. Jones, trading as the National Publishing Company, against Frederick Berger and others, for infringement of a patent.    On objections to sufficiency of the plea. Plea overruled.

Augustus B. Stroughton and H. E. Garsed, for complainant.
H. T. Fenton, for respondents.

MORRIS, District Judge.    The plea avers that from the date of the patent, July 15, 1890, to the date of making the parol license set up as a defense, to wit, April 27, 1892, the defendant did not infringe; and that on April 27, 1892, Christian Jaeger, the then owner of the patent, for a good and sufficient consideration did grant a parol license to the defendants for three years to use the patent for a royalty of 50 cents for each dozen of the patented articles; and that since the granting of the license to them the defendants have not used the invention otherwise than as authorized by the license.

The first objection urged to the defendants' plea is that as to a portion of the period of the alleged infringement, to wit, from the date of the patent to April 27, 1892, the plea simply denies the fact of infringement.    Such denial is proper only by answer, and is not proper by plea; but in this case the point seems immaterial, as by the complainant's title it appears that he is not entitled to sue for infringements prior to April 27, 1892.    On that date the complainant acquired title from Christian Jaeger by an assignment which conveyed "all the right, title, and interest which Jaeger had in the said invention as secured to him by his letters patent and by the assign-

ments thereof." This language is appropriate to the simple assignment of a patent right, and its meaning is satisfied by the transfer of the invention without transferring any right of action for past infringements. The rule is that to pass the right to sue for past infringement words must be used in the assignment which expressly transfer to the assignee the right of action. Moore v. Marsh, 7 Wall. 515; Emerson v. Hubbard, 34 Fed. Rep. 327; Walk. Pat. § 277; 2 Rob. Pat. §§ 781, 942. As the complainant's title discloses that he cannot maintain a suit for infringement prior to April 27, 1892, the first clause of the plea is not material.

It is objected to the plea of a license that it is not sufficient in that it alleges "a good and sufficient consideration" without alleging what the consideration was, and that it alleges a license conditioned upon the payment of a royalty, and does not allege that the royalty has been paid, or excuse its nonpayment. I think both these objections to the plea are good. There would seem to be no doubt that a license to use a patent not exclusive of others need not be recorded, and may be by parol. Hamilton v. Kingsbury, 17 Blatchf. 264; Dalzell v. Manufacturing Co., 149 U. S. 315, 13 Sup. Ct. Rep. 886; Brooks v. Byam, 2 Story, 525; Walk. Pat. § 303; Rob. Pat. §§ 809, 817; Potter v. Holland, 4 Blatchf. 206. A subsequent assignee takes title to the patent subject to such licenses, of which he must inform himself as best he can at his own risk. Rob. Pat. § 817.

But I think the objection that the plea does not state what the actual consideration was, and does not allege that the defendants have paid the royalty, or state any excuse for nonpayment, is well taken. Strictness is required in a plea which sets up oral license made by the assignor of the patent. It is an incumbrance upon the assignee's title of which he has no record notice, and there are special reasons why the plea should set out the facts with particularity. When the license is dependent upon the payment of a royalty, the facts with regard to the payment should be averred, as, unless the defendant has complied with the terms of his license, his plea does not defeat complainant's whole remedy. The complainant may still be entitled to an injunction or other relief. 2 Rob. Pat. §§ 782, 822; 1 Daniell, Ch. Pr. 677.

In the present case the citizenship of the parties gives this court jurisdiction, independently of the subject-matter; and the ruling in Hartell v. Tilghman, 99 U. S. 547, would not necessarily defeat all relief to complainant.

For the reasons stated the plea is ruled bad.