SUPERIOR DRILL CO. et al. v. NEY MFG. CO.

(Circuit Court, N. D. Ohio, E. D.   December 23, 1899.)

No. 5,924.

PATENTS—EFFECT OF ASSIGNMENT—REVIVOR OF SUIT FOR INFRINGEMENT.
    An assignment of a patent does not carry with it the right to recover damages for past infringements, and one to whom the administrator of a deceased owner has assigned a patent is not entitled to revive a suit begun by the decedent to enjoin infringement, and also to recover damages for past infringements.

On Demurrer to Bill of Revivor.

F. W. Bond, for complainants.
Chas. R. Miller, for defendant.

TAFT, Circuit Judge. This is a bill to revive a suit in equity to restrain the infringement of a patent, and to recover damages for past infringements. The case proceeded to decree for injunction and to a reference to a master to ascertain and report damages. After that, the complainant in the former suit, Edwin L. Hall, died. His administratrix assigned the patent to the Superior Drill Company, and that company assigned one-half of its interest in the patent to its co-complainants. The heir of Edwin L. Hall also as-

signed his interest in the letters patent to the complainants. The interlocutory decree restraining further infringement was entered on November 30, 1887, and the master filed his report, awarding damages, shortly thereafter. These facts appear in the bill. The bill is demurred to.

Among other grounds of demurrer, it is urged that the complainants do not entitle themselves to succeed to the rights of Edwin L. Hall, because they only show assignments of the patents from his administratrix, and no assignment of the right to recover damages for past infringements. This, it seems to me, is a fatal defect in the bill, and must require the sustaining of the demurrer. Claims for damages for past trespasses do not pass by any conveyance of the thing trespassed upon. They are mere choses in action, independent of the thing injured, which pass to the administratrix as such, and which must be specifically assigned if they are to pass with the patent.

As the complainants do not show that, either by law or by assignment, they represent Hall, the former complainant, in all the rights which he sought to have vindicated by his bill, they are not entitled to revive the suit. The demurrer is sustained, and, if the complainants do not, within 10 days from the entry of this ruling, take leave to amend, the decree dismissing the bill on demurrer may be entered.