### DE FOREST v. COLLINS WIRELESS TELEPHONE CO.

(Circuit Court, D. New Jersey. December 10, 1909.)

1. PATENTS (§ 286*)—LICENSES—INFRINGEMENT—RIGHT TO SUE.

An allegation that a patentee assigned to complainant the exclusive right to make, use, and sell for use within the United States and its territories and foreign possessions, "in connection with wireless telephone work and wireless telephonic communication only, apparatus and equipment embodying said methods and apparatus under the patents hereinabove mentioned, or any other patent or patents now or hereafter owned or controlled" by the assignor or his assignee, did not show a conveyance to the assignee of the entire monopoly granted by the government to the patentee, but a mere license; and hence the licensee had no capacity to sue in his own name to restrain infringers.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 454, 455; Dec. Dig. § 286.*

Sublicenses and assignments of licenses for use or sale of patents, see note to National Phonograph Co. v. Schlegel, 64 C. C. A. 596.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. PATENTS (§ 286\*)—INFRINGEMENT—INJUNCTION—RIGHT TO SUE.**

A license authorizing the licensee to sue for and collect damages and royalties, past or future, for the infringement of the patents, did not authorize a suit by injunction to restrain infringers.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 454, 455; Dec. Dig. § 286.\*]

**3. PATENTS (§ 280\*)—INFRINGEMENT—DAMAGES—ROYALTY—ACTION.**

An action to recover damages and royalty for the infringement of a patent can only be maintained at law.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 439; Dec. Dig. § 280.\*]

**4. PATENTS (§ 286\*)—RIGHT TO SUE—CONTRACT.**

The right to sue on a patent is not a matter of contract, but is the creature of, and can exist only as authorized by, statute.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 453–456; Dec. Dig. § 286.\*]

In Equity. Suit by Lee De Forest against the Collins Wireless Telephone Company for patent infringement. On demurrer to bill. Sustained.

Samuel E. Darby, for complainant.
Prindle & Wright, for defendant.

RELLSTAB, District Judge. The demurrer must be sustained on the first ground assigned, viz.:

"That it does not appear from said bill of complaint that the complainant herein has such title or interest in or under the letters patent herein sued upon as to enable him to maintain suit against this defendant."

The allegation of the bill in this behalf is:

"The said John Stone Stone did by direct and mesne assignment and license in writing, said assignment and license in writing being duly executed and delivered and for valuable consideration, sell, assign, transfer, and set over unto your orator, his heirs or assigns, the exclusive right to make, use, and sell for use within the United States and territories and foreign possessions thereof, in connection with wireless telephone work and wireless telephonic communication only, apparatus and equipment embodying said methods and apparatus under the patents hereinabove mentioned, or any other patent or patents now or hereafter owned or controlled by the said Stone or his assignee, together with the right to sue for and collect damages and royalty, past or future, for the infringement of said patents or any of them by reason of the infringing use by others of 'continuous trains of waves' or 'loose coupling' in wireless telephone work or wireless telephonic communication."

The patents relate to space or wireless communication by means of telegraph or telephone, and it is to be noted that the conveyance is not for the entire monopoly granted to the patentee. The conveyance relates to the inventions "in connection with wireless telephone work and wireless telephonic communication only," and the "apparatus and equipment embodying said methods and apparatus under the patents." The case at bar is controlled by Pope Manufacturing Co. v. Gormully Manufacturing Co., 144 U. S. 248, 12 Sup. Ct. 641, 36 L. Ed. 423. In this case Mr. Justice Brown discusses Gayler v. Wilder, 10 How. 477, 13 L. Ed. 504 (the leading case upon this subject), and Waterman

v. Mackenzie, 138 U. S. 252, 11 Sup. Ct. 334, 34 L. Ed. 923, and in reaffirming the principle of law therein enunciated, held as follows:

"The monopoly granted by law to a patentee is for one entire thing, and, in order to enable an assignee to sue for an infringement, the assignment must convey to him the entire and unqualified monopoly which the patentee holds in the territory specified."

In that case the complainant claimed title from the patentee under an instrument using as apt terms of sale and assignment as those used in the case at bar; but, as was said by Justice Gray in Waterman v. Mackenzie, supra (page 256 of 138 U. S., page 335 of 11 Sup. Ct. [34 L. Ed. 923]):

"Whether a transfer of a particular right or interest under a patent is an assignment or a license does not depend upon the name by which it calls itself, but upon the legal effect of its provisions."

In the case cited as controlling, the conveyance did not embrace the entire monopoly, but was limited to so much of the patent as related to or covered the adjustable hammock seat or saddle. It was held that this limitation made the conveyance a mere license. This limitation and its legal effect are indistinguishable from those found in the case at bar, in which the complainant did not obtain the patentee's invention in connection with wireless telegraph work, but only that which related to telephone work and communication. By this limitation the complainant is but a licensee.

The complainant, being a licensee, and not an assignee, cannot maintain an injunction bill in his own name, unless (as is contended in his behalf) the authority contained in the license, viz., "together with the right to sue for and collect damages and royalty, past or future, for the infringement of said patents," etc., gives him the right so to sue. Assuming for argument's sake that the capacity to sue is a matter of contract, it is to be noted that this clause does not expressly authorize the bringing of suit to enjoin infringements. By its own terms it is limited to bringing suit for damages and royalty, and this can be done only in an action at law. But the right to sue on a patent is not a matter of contract. A patent right is the creature of the federal law, and no rights can be acquired in it unless authorized by statute, and in the manner the statute prescribes. Gayler v. Wilder and Waterman v. Mackenzie, supra.

Section 4898, Rev. St., 3 U. S. Comp. St. 1901, p. 3387, 5 Fed. St. Ann. 531, provides that:

"Every patent or any interest therein shall be assignable in law by an instrument in writing, and the patentee or his assigns or legal representatives may in like manner grant and convey an exclusive right under his patent to the whole or any specified part of the United States."

By section 4919, Rev. St., 3 U. S. Comp. St. 1901, p. 3394, 5 Fed. St. Ann. 552:

"Damages for the infringement of any patent may be recovered by action on the case, in the name of the party interested, either as patentee, assignee or grantee."

"Grants, as well as assignments, must be in writing, and they must convey the exclusive right, under the patent, to make and use, and vend to others to be used, the thing patented, within and throughout some specified district

or portion of the United States, and such right must be exclusive of the patentee, as well as of all others except the grantee." Moore v. Marsh, 7 Wall. 515, at 521, 19 L. Ed. 37.

The cases referred to have been frequently cited and followed, and the law may be considered as settled that, while the patentee may split up his rights under the patent in respect to both monopoly and territory covered by the patent, yet the grantee who has only a part of the monopoly, regardless of the extent of the territory, is a mere licensee, and may not sue in his own name to enjoin infringers; an exception existing, of necessity, where the patentee is the infringer. Littlefield v. Perry, 21 Wall. 205, 22 L. Ed. 577.

This lack of capacity to sue is not merely to prevent persons who have a right to only a part of the monopoly from putting the whole in jeopardy by litigation, but also to protect innocent purchasers of the use of the improvement from fraudulent impositions and against being harassed by a multiplicity of suits; for, as was said by Chief Justice Taney in Gayler v. Wilder, supra, 10 How. 494 (13 L. Ed. 504):

"It was obviously not the intention of the Legislature to permit several monopolies to be made out of one, and divided among different persons within the same limits. Such a division would inevitably lead to fraudulent impositions upon persons who desired to purchase the use of the improvement, and would subject a party who, under a mistake as to his rights, used the invention without authority, to be harassed by a multiplicity of suits, instead of one, and to successive recoveries of damages by different persons holding different portions of the patent right in the same place. Unquestionably a contract for the purchase of any portion of the patent right may be good as between the parties as a license, and enforced as such in the courts of justice. But the legal right in the monopoly remains in the patentee, and he alone can maintain an action against a third party who commits an infringement upon it."

Demurrer sustained.