## JOHNSTON et al. v. SOUTHERN WELL WORKS CO. et al.

(Circuit Court of Appeals, Fifth Circuit. October 6, 1913.)

### No. 2,363.

1. EVIDENCE (§ 174*)—BEST EVIDENCE—PROOF OF ASSIGNMENT OF PATENT— COPY OF RECORD.

   Where complainant in a suit for infringement alleges title to the patent by assignment, which allegation is denied, it cannot be proved by an abstract showing the record of an assignment in the Patent Office, but either the original instrument or a proved copy should be produced.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 561–564, 566–569; Dec. Dig. § 174.*]

2. PATENTS (§ 202*)—SUIT FOR INFRINGEMENT—TITLE TO SUSTAIN.

An assignment of a patent does not convey the right to recover for past infringements.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 281–289; Dec. Dig. § 202.*]

Appeal from the District Court of the United States for the Eastern District of Texas; Gordon Russell, Judge.

Suit in equity by Horace G. Johnston, Charles Rittersbacher, and Emlin H. Akin, copartners as the American Well & Prospecting Company, against the Southern Well Works Company, the Southern Car Manufacturing & Supply Company, the Parker Forge Works, and James A. Wiggs. Decree for defendants, and complainants appeal. Affirmed.

F. D. Minor, of Beaumont, Tex., and L. L. Morrill, of Washington, D. C., for appellants.

Wm. G. Henderson, of Washington, D. C., for appellees.

Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. The complainants sue for the infringement of patent No. 779,285, issued January 3, 1905, to Horace G. Johnston, for an improvement in well-sinking apparatus, and they allege that on November 11, 1908, said Johnston assigned to them his right, title, and interest in and to said patent and in and to the invention disclosed therein.

The alleged assignment was specifically denied in the answer. The only evidence offered to prove the said assignment was an abstract showing the record of an assignment in the Patent Office; neither the original instrument nor a proved copy was offered in evidence. See American Graphophone Co. v. Leeds & Catlin Co. et al. (C. C.) 140 Fed. 981; Eastern Dynamite Co. v. Keystone Powder Mfg. Co. (C. C.) 164 Fed. 49.

The only infringement alleged or sought to be proved in the case was the sale by the Southern Well Works Company about May, 1907, to one S. H. Clement of a well-sinking apparatus advertised as "A Parker Rotary," antedating by over 20 months the alleged assignment of the patent to the plaintiffs. Moore v. Marsh, 7 Wall. 515, 522, 19 L. Ed. 37; Jones v. Berger et al. (C. C.) 58 Fed. 1006; Superior Drill Co. v. Ney Mfg. Co. (C. C.) 98 Fed. 734; Canda Bros. v. Michigan Malleable Iron Co., 152 Fed. 178, 81 C. C. A. 420.

The decree of the District Court is affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes