## HERMAN et al. v. DETROIT SHIPBUILDING CO.

(District Court, E. D. Michigan, S. D. January 10, 1924.)

No. 381.

1. Patents ⬅️265—Assignment does not impliedly carry right to damages for past infringement.

A mere assignment of a patent, which does not also expressly assign the right to recover damages or profits arising from past infringements, does not transfer such right to the assignee.

2. Patents ⬅️265—Owner at time of infringement is party entitled to recover therefor; "party interested."

The owner of a patent at the time of its infringement is the "party interested," within Rev. St. § 4919 (Comp. St. § 9464), and the only person entitled to recover damages and profits arising from such infringement, though after commencement of suit therefor he assigns the patent; the right to damages for such infringement being expressly reserved.

In Equity. Suit by Raphael Herman and others against the Detroit Shipbuilding Company. On motion to dismiss bill. Denied.

Whittemore, Hulbert, Whittemore & Belknap, of Detroit, Mich., for plaintiffs.

Fay, Oberlin & Fay, of Cleveland, Ohio, for defendant.

TUTTLE, District Judge. This is a motion to dismiss the bill of complaint herein (which alleges infringement of a patent of the plaintiffs and seeks the usual injunction and accounting) on the ground that the plaintiffs have assigned all of their right, title, and interest in said patent, and are not now the owners thereof, but that the assignee, the present owner, is a necessary party to this suit.

It is undisputed that the assignment in question was not made until after the commencement of this suit, and that in making such assignment the plaintiffs expressly reserved to themselves the right to all damages and profits arising from infringement of such patent occurring prior to the assignment, and the right to sue for and recover such damages and profits. It is not claimed, on this motion, that at the time of the filing of the bill the present plaintiffs did not have a sufficient title to the patent involved to entitle them to bring this suit and to recover for infringement thereof. Plaintiffs do not now claim the right to any injunction herein, or to any damages or profits for infringement of said patent committed after the time of said assignment.

[1] A mere assignment of a patent, which does not also expressly assign the right to recover damages or profits arising from infringement of such patent occurring before such assignment, does not transfer to the assignee the right to recover such damages or profits. Moore v. Marsh, 7 Wall. 515, 19 L. Ed. 37; Crown Die & Tool Co. v. Nye Tool & Machine Works, 261 U. S. 24, 43 Sup. Ct. 254, 67 L. Ed. 516; May v. Juneau County (C. C.) 30 Fed. 241; Kaolatype Engraving Co. v. Hoke (C. C.) 30 Fed. 444; Emerson v. Hubbard (C. C.) 34 Fed. 327; Jones v. Berger (C. C.) 58 Fed. 1006; Superior Drill Co. v. Ney Mfg. Co. (C. C.) 98 Fed. 734; Canda Brothers v. Michigan Malleable Iron Co., 152 Fed. 178, 81 C. C. A. 420 (C. C. A. 6); Leadam v. Ringgold & Co. (C. C.) 140 Fed. 611; Auto Spring Repairer Co. v. Grinberg (C. C.) 196 Fed. 52. If, then, in such a case the person who owned the patent when it was infringed could not sue for such infringement, no one could, and any wrong which might be committed in such infringement would go unredressed. Such, however, is not the law. Section 4919 of the United States Revised Statutes (Comp. St. § 9464) provides that damages for the infringement of a patent may be recovered "in the name of the party interested, either as patentee, assignee, or grantee." It has been decided by the Supreme Court that the person who was patentee, assignee, or grantee at the time of the commission of an infringement is the person so "interested," within the meaning of this statute, and therefore entitled to bring such suit. Moore v. Marsh, supra.

[2] It must now be regarded as settled law that one who owns a patent and has the right to recover for infringement thereof at the time of its infringement, and who does not afterwards assign to another person such right, together with the patent to which it is incident, is entitled, and is the only person entitled, to recover the dam-

ages and profits arising from such infringement, even though, after the infringement, he assigns all of his right, title, and interest in such patent, at least where, as here, he commences suit for such recovery before such assignment. Moore v. Marsh, supra; Dean v. Mason, 20 How. 198, 15 L. Ed. 876; Crown Die & Tool Co. v. Nye Tool & Machine Works, supra; New York Belting & Packing Co. v. New Jersey Car Spring & Rubber Co. (C. C.) 47 Fed. 504.

The motion to dismiss the bill must be denied.