706

M. Garth MANN, Individually and Derivatively on Behalf of Total Containment, Inc.

v.

UNDERGROUND TANK CONTAINMENT SYSTEMS, INC., et al.

Civ. A. No. 88–2054.

United States District Court, E.D. Pennsylvania.

June 22, 1989.

Debra Lefco and Ronald B. Hauben, Morgan, Lewis & Bockius, Philadelphia, Pa., for plaintiff.

William H. Shawn, Shawn, Berger, Mann & Morgan, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

DUBOIS, District Judge.

Presently before me is the Motion of the defendants, Underground Tank Containment Systems, Inc. ("UTCS"), Total Containment International, Inc. ("TCII"), Marcel Dutil, Marc Guindon, Ernest Butts, and Total Containment, Inc. ("TCI"), to Dismiss the Complaint of the plaintiff, M. Garth Mann, under Fed.R.Civ.P. 12(b). Oral argument was heard on the Motion on January 11, 1989.

Plaintiff M. Garth Mann, individually and derivatively on behalf of Total Containment, Inc., filed an Amended Complaint in this Court on July 13, 1988. The Complaint asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331 and patent and trademark infringement jurisdiction pursuant to 28 U.S.C. § 1338. Counts I, II and VIII of the Amended Complaint are based on federal law; Count I states an action based on Patent Infringement against UTCS, Count II states an action based on Trademark Infringement against UTCS, and Count VIII states an action for Unfair Competition and Violation of Trademark Rights against UTCS. The remaining five counts against the remaining defendants are based on violations of state law.

This action involves a dispute over an alleged exclusive license agreement between TCI and TCII dated March 25, 1985. The agreement purports to transfer to TCI the exclusive license to certain trademarks and patents associated with the "Total Containment System"—an underground spill

containment system—in the United States. Mann is a 25% shareholder in TCI. The remaining 75% of TCI is owned by defendant Butts. Butts also controls TCII.

The Amended Complaint alleges that TCII assigned all of its rights to the Total Containment System in the United States to defendant UTCS. Defendants Dutil and Guindon are alleged to control UTCS. The Amended Complaint further alleges that UTCS has started selling the Total Containment System from its offices in Exton, Pennsylvania.

The defendants raise four points in their Motion to Dismiss the Amended Complaint. First, they contend that the Complaint should be dismissed pursuant to Fed.R. Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Second, they contend that Counts III through VII must be dismissed pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction over defendants TCII, Dutil, Guindon and Butts. Third, they contend that the Amended Complaint should be dismissed pursuant to 28 U.S.C. § 1404(a) under the doctrine of *forum non conveniens*. Fourth, they contend that the Amended Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(7) for failure to join indispensable parties.

First, the defendants argue that Counts I, II and VIII should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. A cause of action purporting to state a claim under federal law will only be dismissed under Rule 12(b)(1) if "the cause of action is so patently without merit as to justify the court's dismissal for want of jurisdiction." *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 70, 98 S.Ct. 2620, 2629, 57 L.Ed.2d 595 (1978). Essentially, the defendants argue that the assignment of patent and trademark rights to UTCS from TCII made UTCS the owner of those rights. Therefore, defendants contend, TCI and Mann may not bring an action for patent or trademark infringement against UTCS because UTCS is the owner of those rights. Defendants also argue that the infringement claims must be dismissed unless the original patentee/licensor, TCII, is a party to those counts.

■ The law is well settled that an exclusive licensee may maintain an action for patent infringement against the patentee. *Excelsior Wooden Pipe Co. v. Pacific Bridge Co.*, 185 U.S. 282, 22 S.Ct. 681, 46 L.Ed. 910 (1902); *Littlefield v. Perry*, 88 U.S. (21 Wall) 205, 22 L.Ed. 577 (1874); *Yarway Corp. v. Eur–Control USA, Inc.*, 775 F.2d 268 (Fed.Cir.1985); *Sanofi, S.A. v. Med–Tech Veterinarian Products*, 565 F.Supp. 931 (D.N.J.1983). In the present case, however, the plaintiff seeks to maintain an action against UTCS, assignee of the patents, for patent infringement. The defendants contend that the plaintiff may not maintain an action against UTCS unless TCII, the original patentee and licensor, is a plaintiff or a defendant in the action for patent infringement.

The original patentee or licensor need not be joined in an action by the exclusive licensee for patent infringement if the defendant is the assignee of the original patentee's rights. Once the patentee has assigned the entire rights under the patent, the assignee is the owner of the patent and the real party in interest. *See Moore v. Marsh*, 74 U.S. (7 Wall) 515, 19 L.Ed. 37 (1868).

The Amended Complaint alleges that TCII assigned all right, title and interest in the patents to UTCS. A copy of the agreement shows that TCII retained a right to receive royalties. However, "[t]he retention of the right to receive royalties does not necessarily convert the transfer into a license." *Afros S.P.A. v. Krauss–Maffei Corp.*, 671 F.Supp. 1402, 1445 (D.Del.1987).

■ Because Count I of the Amended Complaint is not "patently without merit," federal jurisdiction has been established. Accordingly, Counts I, II and VIII will not be dismissed for lack of subject matter jurisdiction.

The defendants also seek to dismiss Counts III through VII of the Amended Complaint for lack of subject matter jurisdiction. Counts III through VII are state law claims; UTCS is not a defendant in any

of the state law claims. Because UTCS is the only defendant in the federal claims, the doctrine of pendent-party jurisdiction is raised.

The existence of pendent-party jurisdiction in this circuit is far from well established. Indeed, the Third Circuit stated that "such power may not exist at all here." *Lovell Mfg. v. Export–Import Bank of the United States*, 843 F.2d 725, 731–32 (3d Cir.1988). As in *Lovell*, however, this Court does not need to reach that question; "to the extent pendent-party jurisdiction might be available in certain circumstances, this case is not an appropriate case to apply it." *Id.*, 843 F.2d at 732.

The exercise of pendent-party jurisdiction is discretionary. The Third Circuit enunciated a three tier analysis that a court should employ to determine whether the exercise of pendent jurisdiction is appropriate in *Ambromovage v. United Mine Workers of America*, 726 F.2d 972 (3d Cir. 1984). First, the Court should examine whether there is a common nucleus of operative fact between the state claims and the accompanying federal claims. *Id.*, 726 F.2d at 989. Second, the Court should determine whether the exercise of pendent jurisdiction would violate a particular federal policy decision. *Id.*, 726 F.2d at 989–90. Finally, the Court, in its discretion, should weigh the various factors bearing on the appropriateness of hearing a pendent claim. *Id.*, 726 F.2d at 990. These factors include, *inter alia*, fairness to the litigants, judicial economy, and the interests of federalism. *Id.*, 726 F.2d at 991.

The third tier in this analysis has not been satisfied under the facts of this case. First, the exercise of pendent jurisdiction in this case would create an unfairness to the defendants in the state law claims. All of the defendants in the state law claims are residents of Canada with few ties to this jurisdiction. There exists some question whether this Court even has personal jurisdiction over these parties. Another consideration weighing against exercising jurisdiction is the fundamental unfairness to defendants in the exercise of pendent-party jurisdiction. *See Aldinger v.*

*Howard*, 427 U.S. 1, 14–15, 96 S.Ct. 2413, 2420, 49 L.Ed.2d 276 (1976). Although this unfairness may not defeat pendent-party jurisdiction in all cases, it is something that a court should consider. Finally, the Court notes that only one of the six defendants are parties to the federal counts. Exercising jurisdiction over six defendants when only one defendant is a party to the federal claims weighs against the exercise of pendent jurisdiction.

It should be noted that judicial economy is not well served by exercising jurisdiction over the state law counts. The federal counts for infringement and unfair competition will require the Court to examine the patents, the contracts granting the exclusive license and patent assignment, and to apply the patent laws of this country. The state law claims asserted in Counts III through VII may require the application of foreign law, and will certainly require an investigation into many facts that will not be examined under the federal counts.

Any interest in exercising jurisdiction over the state law counts is far outweighed by the unfairness to defendants and the restrictive application of pendent-party jurisdiction. Accordingly, Counts III through VII of the Complaint will be dismissed without prejudice.

Having already decided to dismiss the state law claims, the argument of the defendants regarding personal jurisdiction under Rule 12(b)(2) is moot. The defendants' arguments to dismiss under 28 U.S. C. § 1404(a) for *forum non conveniens* and to dismiss under Rule 12(b)(7) and Rule 19 for failure to join an indispensable party will be denied in light of the Court's decision to dismiss the state law counts.

An appropriate Order follows.

### ORDER

AND NOW, to wit, this 22nd day of June, 1989, upon consideration of the Motion of the defendants, Underground Tank Containment Systems, Inc., Total Containment International, Inc., Marcel Dutil, Marc Guindon, Ernest Butts, and Total Containment, Inc., to Dismiss the Com-

plaint of the plaintiff, M. Garth Mann, pursuant to Fed.R.Civ.P. 12(b), and the response of the plaintiff, and good cause appearing, IT IS ORDERED that:

1. The part of Motion to Dismiss Counts I, II and VIII of the Complaint is DENIED;

2. The part of the Motion to Dismiss Counts III through VII of the Complaint is GRANTED without prejudice;

3. Total Containment International, Inc., Marcel Dutil, Marc Guindon, Ernest Butts and Total Containment, Inc. are dismissed as parties to this action.